E. S. BRIANT, ADMINISTRATOR, ESTATE OF J. D. SUGG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8860.　Promulgated March 30, 1927.

Amounts paid by an individual for legal services in the collection of a debt arising out of an ordinary business transaction are deductible from gross income in income-tax returns as ordinary and necessary expenses in computing net income under the Revenue Act of 1918.

*Edmund B. Quiggle, Esq.,* and *A. S. Walker, Esq.,* for the petitioner.

*L. C. Mitchell, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the year 1919 in the amount of $41,034.30, only a portion of which is in controversy. The petitioner excepts to the disallowance by the respondent of a deduction from gross income of $32,848, paid by J. D. Sugg in 1919 as attorneys' fees.

FINDINGS OF FACT.

J. D. Sugg's business during the calendar year 1919, and for many years prior thereto, consisted of various enterprises, such as

ranching, banking, lending money, dealing in real properties and investments.

About 1904 he made some cash advances to the Belton Oil Mill, a corporation of Belton, Tex., of which N. K. Smith was president and active manager. Additional advances were made from time to time, some of the money being used for financing the operations of the Belton Oil Mill and some for the construction of new oil mill plants at Bartlett and Granger, located nearby. The Bartlett and Granger plants were built about 1906 and were incorporated separately.

On July 13, 1911, the combined indebtedness of the three corporations to Sugg for said advances was $227,131, and on the said date they executed general warranty deeds transferring their entire properties to him, the consideration stated in these deeds being the cancellation of such indebtedness. On July 14, 1911, the three corporations were dissolved. On July 17, 1911, Sugg executed deeds conveying the identical property to the Mid-Tex Oil Mills, of Belton, Tex., a new corporation chartered under the laws of Texas on June 15, 1911, with a capital stock of $250,000, the consideration stated in these deeds being the execution by the new corporation of two vendors' lien notes payable to Sugg, one for $100,000 and the other for $127,131, both dated July 17, 1911, and bearing 8 per cent interest, payable quarterly. At the same time the corporation, to further secure the two notes, executed a deed of trust to C. C. Kirkpatrick, trustee, wherein an additional lien was given to Sugg on the same property and any other property which the Mid-Tex Oil Mills might acquire. The president of the corporation, N. K. Smith, also at the same time gave Sugg a deed of trust on a business house at Temple, Tex., and 400 acres of land in Williamson County, Tex., which was his individual property.

On January 26, 1914, an agreement was placed on record in Bell County which shows that the two notes, aggregating $227,131, had been reduced to $181,000, which were renewed and extended as follows:

| | |
|---|---:|
| Note No. 1, due June 15, 1914 | $2,000 |
| Note No. 2, due Oct. 15, 1914 | 25,000 |
| Note No. 3, due Jan. 15, 1915 | 2,000 |
| Note No. 4, due June 15, 1915 | 2,000 |
| Note No. 5, due Oct. 15, 1915 | 25,000 |
| Note No. 6, due Oct. 15, 1916 | 25,000 |
| Note No. 7, due Oct. 15, 1917 | 25,000 |
| Note No. 8, due Oct. 15, 1918 | 75,000 |
| Total | 181,000 |

On September 20, 1914, Sugg advanced to the corporation an additional $10,000, this loan being secured by the personal endorsement of A. W. Storrs, president of the First National Bank of Granger and a shareholder in the Mid-Tex Oil Mills, which made a total due Sugg of $191,000.

In the latter part of 1914 or the early part of 1915, the Mid-Tex Oil Mills brought suit against J. D. Sugg, claiming that a usurious rate of interest had been charged them and asking for a cancellation of the said indebtedness. This suit was brought in the District Court of Bell County, and Sugg filed a cross-bill for the purpose of collecting the said indebtedness and asking for a foreclosure of the mortgages securing the same. This suit resulted in a decree being entered by the said District Court on February 21, 1916, canceling the notes given by the Mid-Tex Oil Mills and N. K. Smith to J. D. Sugg and also canceling the liens on the properties of the said company and N. K. Smith. Judgment was further entered in favor of N. K. Smith and against J. D. Sugg in the sum of $10,927.88, with interest until paid.

Sugg immediately appealed from said judgment to the Court of Civil Appeals of the State of Texas and the said court sustained a motion to reverse the District Court and to enter final judgment in favor of J. D. Sugg. It was further decreed by the said Court of Civil Appeals on the cross-bill filed by J. D. Sugg that the Mid-Tex Oil Mills and N. K. Smith were indebted to J. D. Sugg in the amount of $277,300, and that the said indebtedness was secured by a lien upon the properties of the said company and N. K. Smith. The foreclosure of said lien and sale of the properties mentioned to satisfy the judgment were ordered by the court, the property of the Mid-Tex Oil Mills to be exhausted before the sale of any property belonging to N. K. Smith. Should said property not sell for sufficient to satisfy this judgment, it was directed that J. D. Sugg have execution against the company and N. K. Smith for the balance remaining unpaid. This judgment was certified to the court below for observance.

A writ of error from the Supreme Court of Texas was refused, and in carrying out the mandate of the Court of Civil Appeals, the clerk of the District Court ordered the sheriffs of Williamson and Bell Counties to proceed with the sale of the properties in question in satisfaction of the judgment. The properties were levied upon, advertised for sale at the county court house and in the local papers according to law, and were finally sold by public sale to J. D. Sugg, he being the highest bidder. The property to be sold was situated in both Williamson and Bell Counties. It was arranged that the sale be conducted in both counties at the same time, J. D. Sugg and

one of his attorneys, Lud Williams, attending the sale in Williamson County, and N. B. Williams, a law partner of Lud Williams, attending the sale in Bell County. J. D. Sugg instructed his attorneys prior to the sale that, if anyone should bid a sum sufficient to pay the debt and satisfy the judgment, he did not wish to purchase the property. In consultation prior to the sale it was agreed that a maximum amount should be fixed as the bid that would be made on each piece of property and, in the event anyone should bid higher than this amount, they would allow said bidder to buy it.

The execution docket of the District Court of Bell County shows that sales of the corporation's property under execution of this judgment began on June 3, 1919, and continued until 1922. The total amount received from these sales was $115,555, which amount was applied against the judgments theretofore referred to in favor of J. D. Sugg for $277,300. The balance of the judgment still remains unpaid.

During the calendar year 1919, J. D. Sugg paid attorneys' fees totaling $32,848. Twenty-eight thousand seven hundred and ninety-eight dollars of this amount was paid to the law firm of Williams & Williams, of Waco, Tex., in payment for their services rendered in connection with the prosecution of the suit above referred to before the Court of Civil Appeals of the State of Texas. All of the attorneys' fees in question were paid in connection with the suit instituted against J. D. Sugg by the Mid-Tex Oil Mills or for services rendered in connection with the suit brought by him in the nature of a cross-bill to the suit brought by the corporation. The cross-bill which he instituted was for the purpose of collecting the amount owed to him by the Mid-Tex Oil Mills and N. K. Smith, and all of the attorneys' fees paid by him in 1919 aforesaid were for legal services rendered in connection with efforts to collect the said debt.

OPINION.

SMITH: The respondent has disallowed the deduction from gross income in J. D. Sugg's return for 1919 of $32,848 for attorneys' fees, upon the ground that they were not ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business, and cites in support of his action *Laemmle v. Eisner*, 275 Fed. 504; *Appeal of Consolidated Mutual Oil Co.*, 2 B. T. A. 1067; *Appeal of Gilbert Butler*, 4 B. T. A. 756; *Appeal of Lincoln L. McCandless*, 5 B. T. A. 1114; and *Kornhauser v. United States*, 62 Ct. Cls. 647.

We have carefully considered these decisions but are of the opinion that they are not strictly in point. In the case at bar, J. D. Sugg

paid attorneys' fees in 1919 in connection with the collection of a debt which arose out of an ordinary business transaction. We think that it is immaterial that he bought in at a foreclosure sale the property which had been mortgaged to him as security for the debt. He did not desire to purchase the property and gave specific instructions to his attorneys not to bid it in, if the property sold at a price in excess of his indebtedness. We think that the amount paid as attorneys' fees in 1919 was a legal deduction from gross income under section 214(a)(1) of the Revenue Act of 1918.

> *Judgment will be entered on 15 days' notice, under Rule 50.*