PHILADELPHIA LAWN MOWER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16750.   Promulgated May 9, 1929.

*Andrew S. Wilson, C. P. A.*, for the petitioner.
*Bruce A. Low, Esq.*, and *George S. Herr, Esq.*, for the respondent.

OPINION.

SMITH: The issues in this proceeding are (1) whether petitioner's invested capital should be decreased by the amount of $22,742.83; (2) whether petitioner's tax liability should be computed under the provisions of section 210 of the Revenue Act of 1917 and section 328 of the Revenue Act of 1918; and (3) whether the collection of any deficiency for the fiscal year ended October 31, 1918, is barred by the statute of limitations. Since the third issue goes to the whole of the alleged deficiency it will be disposed of first.

Section 250 (d) of the Revenue Act of 1918 provides:

> Except in the case of false or fraudulent returns with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made. In the case of such false or fraudulent returns, the amount of tax due may be determined at any time after the return is filed, and the tax may be collected at any time after it becomes due.

Section 250 (d) of the Revenue Act of 1921 provides in part:

> The amount of income, excess-profits, or war-profits taxes due under any return made * * * under prior income, excess-profits, or war-profits tax Acts, or under section 38 of the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes * * * shall be begun, after the expiration of five years after the date when such return was filed * * *.

Section 277 of the Revenue Act of 1924 provides in part as follows:

> (2) The amount of income, excess-profits, and war-profits taxes imposed by the * * * Revenue Act of 1917, the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

The record discloses that on December 24, 1918, the petitioner filed an income-tax return under the provisions of the Revenue Act of

1917 for the fiscal year ended October 31, 1918. It filed a return for the same fiscal year under the provisions of the Revenue Act of 1918 on April 25, 1919, and a deficiency in respect of its taxes for that fiscal year was assessed against it on February 20, 1924.

Counsel for the petitioner alleges that the petitioner and the respondent did not consent to the later collection of the deficiency and that no suit or proceeding has been brought for the collection of the additional assessment. The respondent does not show that such a consent was entered into; that such a suit or proceeding was begun within five years after the filing of either the first or the second return, or that the petitioner filed a false and fraudulent return. Cf. *Farmers Feed Co.*, 10 B. T. A. 1069.

In view of the foregoing we are of the opinion that there is no deficiency for the fiscal year ended October 31, 1918, which may be collected from the petitioner. *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346; *Ocean Accident & Guarantee Corporation, Ltd.*, 6 B. T. A. 1045. Since this disposes of the whole of the alleged deficiency, cf. *Russell* v. *United States*, 278 U. S. 181, it will not be necessary to consider the remaining issues.

*Judgment will be entered for the petitioner.*