ALAMEDA PARK COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8355.   Promulgated March 11, 1932.

*George E. H. Goodner, Esq.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

852

OPINION.

LOVE: The question now under consideration is whether the collection of the deficiency for the calendar year 1917 is barred by the statute of limitations.

In view of the findings of the Court of Appeals that "It appeared prima facie by the undisputed facts in the record that at the date of the hearing the collection of the alleged deficiency was barred by the statute of limitations," there was some question at the later hearing whether there was any burden upon petitioner to proceed further until the respondent had offered evidence in rebuttal. This question arose by reason of the fact that up until the date of the later hearing the filing date of petitioner's return for 1917 had not been received in evidence. It was held that the burden was upon petitioner to establish the filing date of its return. Petitioner then offered the return, including the filing date of April 1, 1918, stamped thereon which was received in evidence. Upon the establishment by petitioner that its return was filed on April 1, 1918, the importance of the above contested question disappeared, for at that stage of the proceeding the petitioner had established a prima facie case that the collection was barred by the statute of limitations. It is true that the assessment of the deficiency in question which was made in March, 1923, was within the five years provided for in section 250 (d) of the 1918 and 1921 Acts, section 277 (a) (2) of the 1924 Act, and section 277 (a) (3) of the 1926 Act, but in the absence of a valid consent in writing provided for in section 250 (d) of the 1921 Act and section 278 (c) of the 1924 and 1926 Acts, or certain other exceptions not here material, the collection of such deficiency was barred on April 1, 1923. *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346. *Russell* v. *United States*, 278 U. S. 181.

We have held consistently that the burden is upon the respondent to prove that valid consents in writing have been filed if such consents are necessary to extend the time provided for in the general statute as to determinations, assessments and collections. See *Farmers Feed Co.*, 10 B. T. A. 1069; *Bonwit Teller & Co.*, 10 B. T. A. 1300; *H. G. Stevens*, 14 B. T. A. 1120; *Philadelphia Lawn Mower Co.*, 16 B. T. A. 435; *Frank E. Harris Co.*, 16 B. T. A. 469; *Annie P. Kountze*, 17 B. T. A. 928; *Southwestern Investment Co.*, 19 B. T. A. 30; and *Continental Oil Co.*, 23 B. T. A. 311. In *T. W. Warner Co.*, 19 B. T. A. 872, after stating the rule that the burden of proving an

extension was upon the respondent, we said: "and he [the respondent] takes the risk of any defect in the documents upon which he relies as waivers."

The so-called waiver introduced and relied upon by the respondent, which we have set out in full in our findings, was undated and unlimited as to its effective duration. If this instrument had been filed prior to April 11, 1923, it would have expired on April 1, 1924, which is prior to the mailing of the deficiency notice on August 24, 1925. *Wirt Franklin*, 7 B. T. A. 636; *Cunningham Sheep & Land Co.*, 6 B. T. A. 652; *Henry M. Leland*, 8 B. T. A. 974; *Theodore H. Wickwire, Jr., et al.*, 10 B. T. A. 102; *National Tool Co.* v. *Routzahn*, 28 Fed. (2d) 914; and *Aiken* v. *Burnet*, 282 U. S. 277. We dot not know when the alleged consent in writing relied upon by the respondent was filed other than that, since it recites that it was executed in pursuance of the Revenue Act of 1921, it must have been filed after the passage of that act, which was on November 23, 1921, and which is prior to April 11, 1923. The date of October 28, 1925, can not be taken as the filing date for the reasons that there was written alongside this date, "Not filing date," and the special assessment section is only one of the several sections embraced in the income tax unit of the bureau of internal revenue of the Treasury Department. The stamp with the above notation in fact indicates that the alleged consent was filed in some other section before it was received in the special assessment section.

As stated in our third paragraph above, the burden was upon the respondent to show when the instrument relied upon by him was filed. Having failed to sustain this burden, we hold that the collection of the alleged deficiency of $4,457.69 for the year 1917 is barred by the statute of limitations.

*Judgment of no deficiency will be entered.*