BONWIT TELLER & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26037.   Promulgated March 12, 1928.

*Arthur B. Hyman, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

OPINION.

ARUNDELL: Petitioner's argument is, in brief, that upon filing its return in April, 1921, the statute of limitations began to run, and as more than four years has now elapsed since the filing date, the Commissioner is barred from assessment and collection. There can be no question that four years is the basic period for assessment or proceeding in court for collection without assessment. Section 250(d) of the Revenue Act of 1921 and section 277 of the Revenue Acts of 1924 and 1926. That period began to run with the filing of the return on April 12, 1921, and in the absence of some exception, would expire on April 12, 1925. The deficiency here was not de-

termined until after the expiration of that statutory period, to wit, on February 10, 1927, and it has not been assessed. Therefore, on the face of the pleadings, assessment and collection are barred.

The respondent, however, points to the exceptions to the running of the statute and argues that it is incumbent on the 'petitioner to show that these exceptions are not applicable. This raises the same question which was decided in *Farmers Feed Co.* v. *Commissioner*, 10 B. T. A., 1069, adversely to the contention of the respondent.

Save for one distinction, the facts in this case are on all fours with those in *Fred T. Ley & Co.* v. *Commissioner*, 9 B. T. A. 749. The one distinction is that in the *Ley* case it was stipulated that no portion of the deficiency determined resulted from any change or difference in the Revenue Act of 1921 from the Revenue Act of 1918. This feature of the case falls within the discussion in the *Farmers Feed Co.* case, in that it is one of the exceptions to the statutory period for assessment and collection, and the burden of showing that such exception is applicable is on the respondent.

The petitioner herein having made a prima facie showing which brings it within the statute of limitations and nothing having been shown by the respondent to place the case within any of the exceptions thereto, we must hold that assessment and collection are barred.

Reviewed by the Board.

> *Judgment of no deficiency will be entered for the petitioner.*

MARQUETTE, dissenting: I am unable to agree with the opinion of the majority in so far as it is based upon the limitation provisions of the Revenue Act of 1926, and I desire to express the reasons for my dissent in a general way.

The Revenue Act of 1926, in respect of limitations upon the assessment and collection of taxes, is as follows:

SEC. 277. (a) Except as provided in section 278—

\* \* \* \* \* \* \*

(2) The amount of income, excess-profits, and war-profits taxes imposed by the Revenue Act of 1921, and by such Act as amended, for the taxable year 1921 and succeeding taxable years, and the amount of income taxes imposed by the Revenue Act of 1924, shall be assessed within four years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

SEC. 278. (a) In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

(b) Any deficiency attributable to a change in a deduction tentatively allowed under paragraph (9) of subdivision (a) of section 214, or paragraph (8) of sub-

division (a) of section 234, of the Revenue Act of 1918 or the Revenue Act of 1921, may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

(c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

(d) Where the assessment of any income, excess-profits, or war-profits tax imposed by this title or by prior Act of Congress has been made (whether before or after the enactment of this Act) within the statutory period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this Act), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer.

(e) This section shall not bar a distraint or proceeding in court begun before the enactment of the Revenue Act of 1924; nor shall it authorize the assessment of a tax or the collection thereof by distraint or by proceeding in court (1) if at the time of the enactment of this Act such assessment, distraint or proceeding was barred by the statutory period of limitation properly applicable thereto, unless prior to the enactment of this Act the Commissioner and the taxpayer agreed in writing thereto, or (2) contrary to the provisions of subdivision (a) of section 274 of this Act.

Sec. 1106. (a) The bar of the statute of limitations against the United States in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no credit or refund in respect of such tax shall be allowed unless the taxpayer has overpaid the tax. The bar of the statute of limitations against the taxpayer in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no collection in respect of such tax shall be made unless the taxpayer has underpaid the tax.

The opinion in the instant proceeding relies upon *Farmers Feed Co.* v. *Commissioner*, 10 B. T. A., 1069, in which an attempt is made to decide the question as it arises under the Revenue Act of 1926. The authorities cited in support of that decision, it seems to me, are not in point or are distinguishable. The rule of pleading which I think is applicable here is stated in 21 R. C. L., p. 463, par. 29, as follows:

The rule is stated that when the enacting clause of a statute makes an exception to the general provisions of the act, a party pleading the provisions of the statute must negative the exception. But when the exception is contained in a proviso, and not in the enacting clause, the party pleading the statute need not negative the exception. It is for the other party to set it up in avoidance of the general provisions of the statute. However, it has been declared that it is immaterial whether the proviso or exception is in the same cause or a subsequent one; that if the proviso or exception is necessary to give the party pleading the clause the right he claims under it, he must plead it. If, on the other hand, the proviso or exception forms no part of such right, but merely a matter of excuse for the opposite party, he need not plead it, but may leave it to the party who is to avail himself of the benefit of it.

▆▆▆▆▆▆▆▆▆▆▆▆

There seems to be some confusion in the authorities as to what is the " enacting clause," but as I see the problem it is not necessary to discuss that question and for this reason: The provisions of sections 277 and 278 construed with section 1106 (a) confer a right upon the taxpayer which is a substantive, as distinguished from a remedial, right. Therefore, under the rule stated above, if the petitioner would claim the benefit of the statute, the pleading and proof of the exceptions are necessary to give the taxpayer the right which he claims under it, and to plead and prove only the general provisions of section 277 would not warrant any tribunal in saying the liability was extinguished; in other words, when the petitioner closes his case, if no other evidence was introduced, the Board should be able to say that the liability is or is not extinguished upon the petitioner's case alone. It is clearly a part of the petitioner's case, for the provisions of section 277 become operative only when the case is not one within section 278, and to require the respondent to plead and prove the provisions of that section by way of confession and avoidance is, to my mind, not only contrary to well established rules of pleading, but likewise contrary to the rules of this Board. I see no difficulty in the fact that the petitioner may be required to prove a negative, nor do I think the situation is one wherein the necessary evidence is peculiarly within the knowledge of the other party so as to shift the burden of proof.