T. W. WARNER CO. (A DELAWARE CORPORATION), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22109.   Promulgated May 8, 1930.

*George D. Welles, Esq.,* and *F. M. Fuller, Esq.,* for the petitioner. *J. E. Mather, Esq., E. A. Tonjes, Esq.,* and *J. A. Lyons, Esq.,* for the respondent.

OPINION.

STERNHAGEN: Respondent, acting under section 280, Revenue Act of 1926, notified petitioner, a Delaware corporation, on November 4, 1926, of his determination of petitioner's liability for $69,025.80 as a transferee of the assets of T. W. Warner Co., an Indiana corporation; this being the amount of a deficiency in income and profits tax of the Indiana corporation for 1917. The facts have been agreed upon and set forth in a written stipulation, which is as follows, with such modifications in form as are necessary in order to set forth the documentary exhibits sufficiently:

It is hereby stipulated and agreed by and between the parties to the above-entitled appeal, through their respective counsel, that the following facts and exhibits attached hereto, are true and may be considered as proof for the purpose of this appeal.

1. That the T. W. Warner Company of Muncie, Indiana, was incorporated under the laws of the State of Indiana in 1911. That on or about June 11,

1921, the Secretary of the State of Indiana issued to said corporation a certificate acknowledging the filing of a certificate certifying that the corporation was then in the process of dissolution and said corporation was dissolved on or about September 23, 1921. That during the year 1917 Warren M. Sample was Vice President and D. O. Skillen, Treasurer, and T. L. Moore, Secretary of T. W. Warner Company (Indiana). That during the year 1920 Thomas W. Warner was President and Warren M. Sample was Vice President of said company. That during said year T. L. Moore was Secretary and D. O. Skillen Treasurer of said Company until December 9, 1920, on which date at an adjourned meeting of the Board of Directors of said company, T. L. Moore resigned as Secretary, and E. H. Witker was elected in his place and stead, and that no election of officers ever having been held subsequent to 1920, that they were the last duly elected officers of T. W. Warner Company (Indiana).

2. That the T. W. Warner Company (Indiana) filed its income and profits tax returns for the year 1917 on March 30, 1918. The return showed a total tax liability of $50,336.20, which amount has been fully paid. Thereafter, in December of 1919, an additional assessment was made by the Commissioner of Internal Revenue against T. W. Warner Company (Indiana) in the amount of $10,629.65, which amount was thereafter duly paid. Thereafter, in March, 1924, an additional assessment of $166,810.50 was made by the Commissioner of Internal Revenue against the T. W. Warner Company (Indiana). That said assessment appears on the Commissioner's assessment list of March, 1924, (a certified copy of which is attached hereto and made a part hereof and marked "Exhibit 1"). That the foregoing were all the assessments made against the T. W. Warner Company (Indiana) for income and profits tax for the year 1917.

3. Thereafter, on or about April 19, 1926, a certificate of overassessment for the year 1917 was issued to the T. W. Warner Company (Indiana) in the amount of $82,997.65, and that thereafter the Commissioner of Internal Revenue further reduced the outstanding assessment in the name of T. W. Warner Company (Indiana) for 1917 by applying an overassessment due the said company for the year 1920 in the amount of $14,787.05 against the amount outstanding for the year 1917. (Attached hereto and marked "Exhibits 2, 3, and 4," are transcripts of the accounts of the Collectors of Internal Revenue at Toledo, Ohio, Indianapolis, Indiana, and Los Angeles, California, of T. W. Warner Company (Indiana) for the year 1917 showing all assessments, abatements, credits, payments, and refunds.)

4. That attached hereto and marked "Exhibits 5 and 6," are the only instruments in writing purporting to have been entered into in the name of the Commissioner of Internal Revenue and in the name of T. W. Warner Company (either Delaware or Indiana) which relate to the time within which assessment and/or collection of any taxes could be made; that the instruments marked "Exhibits 5 and 6" were signed by the individual whose signatures appear thereon and on or about the dates which they bear. But nothing in this paragraph contained is intended or shall be construed to be an agreement that the individual whose signature appears thereon as having signed in the name of T. W. Warner Company had any power or authority to sign said instrument in the name of either of said companies, or that the word "Secretary" (in pencil) under the name E. H. Witker on Exhibit 5 was written thereon by any one connected with either of said companies. It is agreed that the notation "attach to 1917 return" was placed thereon by respondent or one of his employees.

EXHIBIT 5

*Attach to 1917 Return*

RECD AT REVENUE
FEB. 9, 1923
AGENT'S OFFICE

Received
Apr. 23, 1925
Special Assessment Section

*Toledo, O., Fey., 7/23.*
(Date)

INCOME AND PROFITS TAX WAIVER

In pursuance of the provisions of subdivision (d) of Section 250 of the Revenue Act of 1921, T. W. Warner Co. of Toledo, Ohio, and the Commissioner of Internal Revenue, hereby consent to a determination, assessment, and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of the said Company for the years 1916–1917–1918–1919 under the Revenue Act of 1921, or under prior income, excess-profits, or war-profits tax Acts, or under Section 38 of the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes", approved August 5, 1909, *irrespective of any period of limitations.*

T. W. WARNER Co.,
*Taxpayer.*
By E. H. WITKER,
*Secretary.*
D. H. BLAIR,
*Commissioner.*

EXHIBIT 6

CA–M–2123–12

RECEIVED
APR. 23, 1925
SPECIAL ASSESSMENT SECTION

JANY. 18, 1924.
(Date)

INCOME AND PROFITS TAX WAIVER

In pursuance of the provisions of subdivision (d) of Section 250 of the Revenue Act of 1921, T. W. Warner Company of Toledo, Ohio, and the Commissioner of Internal Revenue, hereby consent to a determination, assessment, and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of the said corporation for the years 1917–1918 under the Revenue Act of 1921, or under prior income, excess-profits, or war profits tax Acts, or under Section 38 of the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes", approved August 5, 1909. This waiver is in effect from the date it is signed by the taxpayer and will remain in effect for a period of one year after the expiration of the statutory period of limitation, or the statutory period of limitation as extended by any waivers already on file with the Bureau, within which assessments of taxes may be made for the year or years mentioned.

T. W. WARNER Co.,
*Taxpayer Ind.*
By E. H. WITKER, *Secy.*
D. H. BLAIR
*Commissioner.*

5. On or about December 9, 1920, the Delaware corporation, petitioner, made the following written proposition to the Indiana corporation, which was accepted and fully carried out:

T. W. WARNER COMPANY (Indiana Corporation).

*Muncie, Indiana.*

GENTLEMEN: The undersigned, T. W. Warner Company, a corporation incorporated and organized under the laws of the State of Delaware, hereby proposes to purchase from T. W. Warner Company, an Indiana corporation, all of its property and assets, both real estate and personal property, including bills and accounts receivable and moneys, not intending to limit the generality of the description of said property and assets by specifying any thereof, subject to any and all liabilities and indebtedness of said T. W. Warner Company, (Indiana corporation), which said indebtedness and liabilties T. W. Warner Company (Delaware corporation) will assume and agree to pay as part of the purchase price of said property and assets.

Upon the delivery to the undersigned of proper deeds, conveyances, bills of sale and assignments of all of said property and assets, the undersigned will issue and deliver to the present stockholders of T. W. Warner Company (Indiana corporation) fifteen thousand (15,000) shares of the capital stock of the undersigned, of the par value of $100.00 each, said shares to be issued to said present stockholders in the same number of shares which they now severally own of T. W. Warner Company (Indiana corporation) and at the time of such delivery of said shares to said stockholders said stockholders respectively shall deliver to T. W. Warner Company (Delaware corporation) their stock in said Indiana corporation, so that each of said stockholders shall receive the same number of shares of the undersigned as they now respectively own of said Indiana corporation, and the undersigned will cause said Indiana corporation to be dissolved and said stock of the Indiana corporation to be cancelled.

This proposition is open for acceptance up to and including the 20th day of December, 1920.

6. Exhibit 8 is a true copy of the minutes of the special stockholders' meeting of the Indiana corporation at which the aforesaid proposition was accepted.

7. Exhibit 9 is a true copy of the minutes of the special directors' meeting of the Indiana corporation at which the aforesaid proposition was accepted.

8. Exhibit 10 is a true copy of the minutes of the Delaware corporation authorizing the aforesaid proposition.

9. That pursuant to the authority granted to the officers of said corporations, as shown by the minutes set forth in Exhibits 7, 8, 9, and 10, attached hereto, said proposition was executed and fully carried out by said officers in the name and in behalf of said corporations, and pursuant to the proposition, the Delaware corporation issued and delivered to the stockholders of the Indiana corporation, on or about December 9, 1920, 15,000 shares of the capital stock of the Delaware corporation, which then had no other stock outstanding, and the Indiana corporation on its part, pursuant to said proposition, on or about December 9, 1920, duly transferred by proper deed and bill of sale all of its property and assets to the Delaware corporation.

10. That the property and assets transferred to the T. W. Warner Company of Toledo, Ohio, (a Delaware corporation) by the T. W. Warner Company of Muncie, Indiana, (an Indiana corporation), pursuant to the agreement entered into by the two corporations, had a value in excess of the liabilities of the Indiana corporation greater than the amount of taxes herein involved, plus interest as provided by law, but nothing herein is intended or shall be construed to be an agreement that the property so transferred exceeded in

value of the consideration paid therefor by T. W. Warner Company, a Delaware corporation, in consummation of the proposition set out in Exhibit 7 hereto attached.

11. That no suit or other proceeding for the collection of the additional assessment of 1917 taxes which the Commissioner undertook to levy against T. W. Warner Company, an Indiana corporation, in March of 1924, has ever been begun against T. W. Warner Company, an Indiana corporation.

12. That no claim had been asserted by the United States against T. W. Warner Company, the Indiana corporation, for any taxes for the year 1917 prior to the sale and conveyance of its properties to the T. W. Warner Company, the Delaware corporation, which had not been paid in full prior to such sale and conveyance.

### The following facts are found from the record:

13. Waivers given prior to April 1, 1924, containing no expiration date expired April 1, 1924.

14. The Secretary of State of Indiana issued the following certificate on June 11, 1921, which is Exhibit 11:

To all to whom these Presents Shall Come Greeting:

I, ED JACKSON, Secretary of State of the State of Indiana, do hereby certify that the

T. W. WARNER COMPANY

has this day filed in the office of the Secretary of State, the properly signed and attested consents, statements and papers required by Section One of an Act entitled "An Act prescribing the method and procedure for the voluntary dissolution of private corporations and voluntary associations, and declaring an emergency", approved March 14, 1913.

And I further certify that said written consents, statements and papers so filed as aforesaid show that said Company and the officers thereof have complied with the provisions of said Section One of said Act, and that such corporation is now in process of dissolution.

15. Exhibit 12 consists of certified copies of the following papers filed in the office of the Secretary of State of Indiana: affidavit of a newspaper publisher that a notice was published on June 15 and June 22, 1921; affidavit of Witker, Secretary, certifying a copy of Directors' resolution of September 10, 1921, dissolving the corporation under the voluntary dissolution statute; affidavit dated September 10, 1921, of Warner, president, and Witker, secretary, that the corporation's affairs were fully settled, all its debts paid and its remaining assets distributed to the stockholders.

16. The Secretary of State of Indiana issued the following certificate on September 23, 1921:

To all to whom these Presents Shall Come Greeting:

I, ED JACKSON, Secretary of State of the State of Indiana, do hereby certify that in accordance with the provisions of Section Four of an Act entitled "An Act prescribing the method and procedure for the voluntary dissolution of private corporations and voluntary associations, and declaring an emergency", approved March 14, 1913,

T. W. WARNER COMPANY

has this day filed in the office of the Secretary of State, a certificate under oath, setting forth that it has fully and finally settled its affairs.

Now, therefore, under the provisions of said Section Four of said Act, all power and authority of said corporation under the laws of Indiana are hereby terminated, and such corporation is finally dissolved.

The petitioner assails the respondent's determination on several grounds fully argued in its brief. It is, however, not necessary to pass on all of these points, since in our opinion the deficiency became barred at the end of the five-year period of limitation, namely, March 30, 1923, there being no valid waivers or consents in writing to a later determination, assessment or collection of tax as to 1917.

The Indiana corporation, the taxpayer and alleged transferror, filed its 1917 return on March 30, 1918, paying the tax of $50,336.20 shown thereon. In December, 1919, respondent assessed an additional $10,629.65 and this was paid. Nothing more was done by respondent until March, 1924, when he made a further assessment which was subsequently reduced, resulting ultimately in the present asserted deficiency. There is no suggestion or contention that there was fraud or misrepresentation; and therefore by section 250 (d), Revenue Act of 1921, respondent was required to determine, assess and collect income and profits taxes due for 1917 within the five years ended March 30, 1923, unless there was a waiver by which this period was extended. Since the record shows the date of filing the return and the expiration of the five-year period, the burden of proving an extension is upon respondent, *Farmers Feed Co.*, 10 B. T. A. 1069; *Bonwit Teller & Co.*, 10 B. T. A. 1300; *Chicago Railway Equipment Co.*, 39 Fed. (2d) 378, and he takes the risk of any defect in the documents upon which he relies as waivers. *Carnation Milk Co.*, 15 B. T. A. 560; *Barron-Anderson Co.*, 17 B. T. A. 686; *Jonathan Godfrey*, 18 B. T. A. 775.

The Indiana corporation began voluntary dissolution under the proper Indiana statutes in 1921, and its existence terminated in that year. This dissolution was not null and void as respondent contends. The corporation was dead, *Oklahoma &c. v. Oklahoma*, 273 U. S. 255, and if by dissolution without paying its taxes, respondent was imposed upon, this does not revive the corporation, whatever may be said of other remedies by which the claim for taxes may be enforced. Thereafter no one had authority to consent for the former corporation to an extension. Witker, who signed the first alleged waiver in February, 1923, was not secretary and it is questionable whether he actually or tacitly suggested that he was. The words Toledo, Ohio, in the body of the instrument, the absence of seal and the absence of official designation at the place of signature all negate the imputation to the nonexistent Indiana corporation. This is not like an involuntary dissolution in Indiana (see *Jacob v. Bement*, 126 N. W. 1043) or like the procedure of dissolution in some other States (see *United States v. Kemp*, 12 Fed. (2d) 7) where there is power

of prescribed persons to act for a dissolved corporation for a fixed period. Under the voluntary dissolution statute of Indiana the corporation finally terminated when the secretary of state so certified in 1921, and any attempt of any one to act for it thereafter was futile. The waiver was therefore a nullity, and since upon it rests the deficiency and in turn the petitioner's alleged liability in respect of such deficiency, it follows that there is no such liability.

*Judgment will be entered for the petitioner.*