E. J. LORIE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

PHILIP GOLDENBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 27526, 27527. Promulgated December 10, 1930.

· *Joseph R. Little, Esq.*, for the petitioners.
*B. U. Steele, Esq.*, for the respondent.

## OPINION.

Sternhagen : 1. The petitioners attack the constitutionality of section 280 of the Revenue Act of 1926 under which the Commissioner acted in determining their liability as transferees. But we may not entertain the issue thus presented, *Henry Cappellini*, 14 B. T. A. 1269; cf. *Annie G. Phillips*, 42 Fed. (2d) 177, now pending in the Supreme Court on certiorari; and *Routzahn* v. *Tyroler*, 36 Fed. (2d) 208, certiorari denied, 281 U. S. 734.

2. As to 1920, the additional assessments were made before the enactment of the Revenue Act of 1924; the five-year period for their collection expired July 15, 1925, Revenue Act of 1918 and Revenue Act of 1921, section 250; the extension to six years after assessment of the period of collection did not apply, *Russell* v. *United States*, 278 U. S. 181; and the subsequently enacted Revenue Act of 1926 did not purport to revive the right to collection, which had lapsed before the Revenue Act of 1926 was passed. There is therefore no liability of these petitioners in respect of the alleged deficiency of the corporation for the year ended April 30, 1920.

3. As to 1921, the evidence is unsatisfactory. Counsel for petitioner stated at the hearing that the only contention relied upon was that the liability of the taxpayer corporation, the transferor, was barred by limitation. He treated the stipulation that each petitioner had received $1,072.59 in liquidation as an admission of the liability of each as transferee. The burden to prove freedom from liability of the taxpayer is on the petitioner, Revenue Act of 1928,

**614**

section 602. He must make a prima facie case, which ordinarily means proof of the filing of the statutory return and the expiration of the statutory period; whereupon the respondent must go forward with countervailing proof. *Farmers Feed Co.*, 10 B. T. A. 1069; *Bonwit Teller Co.*, 10 B. T. A. 1300; *Carnation Milk Products Co.*, 15 B. T. A. 556. But the return, upon the date of filing which the petitioner relies to start the statutory period, must be substantially the return required by the effective statute. For the year ended April 30, 1921, the Revenue Act of 1921 provided factors of income different from those of the Revenue Act of 1918 and, although a return under the former act was filed July 15, 1921, there is nothing from which it can be inferred that it showed facts and figures substantially in accord with the requirements of the Revenue Act of 1921. The so-called " duplicate return " in evidence which was filed July 10, probably in 1925, is entirely unexplained. If, as its designation as a duplicate might imply, it is a new copy of the first return filed *nunc pro tunc*, it indicates that the net income was over $25,000 and that $2,000 credit was taken. This was not a return under the Revenue Act of 1921. If it was a new return filed in an attempt to comply with the Revenue Act of 1921, the date of its filing in 1925 or later began the statutory period. *John Wanamaker Philadelphia*, 8 B. T. A. 864; cf. *Fred T. Ley & Co.*, 9 B. T. A. 749; *Palmetto Coal Co.*, 11 B. T. A. 154. Since the evidence as to this is so indefinite, it can not be said to establish prima facie that the statutory period has expired. As to 1921, the determination by respondent of the transferee liability of petitioners is sustained.

*Judgment will be entered under Rule 50.*