## M. A. NICHOLSON AND BIG CHIEF LEASE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21157.   Promulgated March 16, 1931.

*Paul W. Crawford, Esq.*, for the petitioners.
*Eldon McFarland, Esq.*, for the respondent.

### OPINION.

BLACK : The taxes involved in this proceeding amount to $4,940.19, and are income and profits taxes assessed against the Big Chief Lease, a partnership, for the year 1917, and asserted against M. A. Nicholson, petitioner, as transferee of the assets of said partnership, under the provisions of section 280 of the Revenue Act of 1926. The case was submitted on the pleadings, a brief stipulation of facts, and certain exhibits introduced at the hearing.

Big Chief Lease joined in the appeal, but the notice of liability attached to the petition is addressed to petitioner, M. A. Nicholson, only. No deficiency notice to Big Chief Lease is shown. We have no jurisdiction to entertain an appeal from a party unless a deficiency notice is shown. Accordingly, the appeal as to Big Chief Lease is dismissed for lack of jurisdiction.

The Big Chief Lease, a partnership of which petitioner was one of the partners, was dissolved in or about the year 1918, and since that time has had no assets. At the time of the dissolution of the partnership, a portion of its assets, the net value of which was in

excess of the tax liability asserted in this proceeding, was distributed to petitioner. The determination of the tax against the transferor partnership is shown by the following statement attached to the deficiency notice, which was mailed to petitioner, M. A. Nicholson, September 10, 1926:

### 1917

Deficiency in Tax_____ $4,940.19

In office letter dated November 19, 1924, you were advised that after careful consideration and review, your application for assessment of your excess profits tax under the provisions of Section 210 of the Revenue Act of 1917 had been allowed. Your excess profits tax is based upon a comparison with a group of representative concerns which, in the aggregate, may be said to be engaged in a like or similar trade or business to that of your company.

As a mining partnership in Colorado is not a partnership within the meaning of the Statutes, but an association, it must be treated as a corporation for income and excess profits tax purposes.

The result of the audit under the above-mentioned provisions is as follows:

### Net Income

| | | |
|---|---|---|
| Net income as reported in return_____ | | $24,817.99 |
| Computation of Tax_____ | | 7,807.74 |
| Excess profits tax (Section 210)_____ | | |
| Net income_____ | $24,817.99 | |
| Less: Profits tax_____ | 7,807.74 | |
| Income subject to tax at 2% and 4%_____ | $17,010.25 | |
| Tax at 2% and 4%_____ | | 1,020.62 |
| Total tax liability_____ | | $8,828.36 |
| Credits: Original tax_____ | $1,505.44 | |
| Amount paid August 18, 1923_____ | 1,989.26 | 3,888.17 |
| Balance due_____ | | $4,940.19 |

None of the foregoing sum of $4,940.19 has been paid. It is clear that petitioner is a transferee of the assets of the taxpayer (Big Chief Lease) and is liable for whatever taxes are legally due, he having received property of a greater value than the amount of the tax which the respondent is asserting in this proceeding. *J. W. Oglesby*, 16 B. T. A. 1191; *John Gerosa*, 21 B. T. A. 1234. Petitioner in his petition did not plead the statute of limitations as a bar to the claim asserted by the respondent, but at the hearing, by permission of the Board, filed a motion reading as follows:

#### MOTION FOR JUDGMENT ON THE PLEADINGS.

Comes now the petitioner, M. A. Nicholson, and moves this honorable board that judgment be entered in his behalf according to the prayer in the petition heretofore filed for the following reasons, to-wit:

1. That under the decisions of your honorable board, and under the decision of the Supreme Court of the United States the tax liability of the taxpayer,

the Big Chief Lease, was extinguished by the statute of limitations as contained in the Revenue Act of 1926, as shown by Section 1106 (a) thereof.

As shown by the pleadings herein on or about the month of February 1923 the Commissioner of Internal Revenue, through his deputies and agents, made an additional assessment of income and profits taxes against the Big Chief Lease; that as to such assessment no suit or proceeding was started within the period prescribed by law, in which it is provided, that a suit or proceeding to collect assessments of income and profits taxes must be commenced within 5 years after the filing of return, and to this date no such suit or proceeding has been commenced by the department; that under Section 1106 (a) the failure to commence such suit or proceeding extinguishes the liability of taxpayer, and therefor extinguishes the liability of petitioner as transferee.

One of the things necessary for us to know, in determining whether the statute of limitations has run against the assessment and the collection of the tax, is when taxpayer filed his tax return. *Edward M. Lawrence* 3 B. T. A. 40; *E. J. Lorie*, 21 B. T. A. 612, In the instant case the tax return of Big Chief Lease for 1917 was not introduced in evidence and we have no proof whatever when such return was filed. Neither the petition nor the motion filed at the hearing, already copied in this opinion, give us any information as to when this return was filed.

Counsel for petitioner states in his brief: "The taxpayer, Big Chief Lease, filed its income tax return for the calendar year of 1917 and paid a tax on or about the 29th day of March, 1918, with the Collector of Internal Revenue located at Denver, Colorado." Perhaps the above statement is true, but we have no authority under the statute to accept as evidence statements of counsel in their brief. So far as the evidence before us in this proceeding shows, the taxpayer, Big Chief Lease, never filed any income tax return for 1917.

In *Edward M. Lawrence, supra*, we said:

* * * In our opinion the statute of limitations on assessment is an affirmative defense and the burden of proving that the assessment has been barred thereby is on those seeking to avail themselves of its benefits. A return showing no tax due, for the year 1918, was filed by the taxpayer prior to the purported amended return, which was forwarded to the Commissioner July 14, 1924, but the date of filing is not stamped thereon, nor was any evidence of the date of its mailing to the collector introduced. We are, therefore, unable to determine that such return was filed more than five years prior to the mailing of the sixty-day letter.

In *E. J. Lorie, supra*, which was a transferee case, we said:

* * * The burden to prove freedom from liability of the taxpayer is on the petitioner, Revenue Act of 1928, section 602. He must make a *prima facie* case, which ordinarily means proof of the filing of the statutory return and the expiration of the statutory period; whereupon the respondent must go forward with countervailing proof. *Farmers Feed Co.*, 10 B. T. A. 1069; *Bonwit Teller & Co.*, 10 B. T. A. 1300; *Carnation Milk Products Co.*, 15 B. T. A. 556. * * *

Under the authority of the above cited cases, we overrule petitioner's motion for judgment based on the statute of limitations.

Petitioner further claims that the deficiency against taxpayer, Big Chief Lease, is illegal because of an alleged prior settlement or accord and satisfaction which petitioner had with the Commissioner of Internal Revenue. In support of this contention, petitioner proved the following facts:

On July 13, 1923, pursuant to certain negotiations between the petitioner and the Treasury Department, a letter was addressed to the petitioner by the Collector of Internal Revenue, stating as follows:

I have to advise you that I am in receipt of warrant for distraint from the Commissioner of Internal Revenue in the sum of $2,088.72.

It would appear that the original assessment as made by the Commissioner was $9,221.83 and that the amount allowed on claim for abatement was $7,232.37.

Will you please advise me what you desire to do relative to the assessment as it now stands, to-wit: $2,088.72.

In reply to this letter the petitioner directed a letter to the Collector, stating in part as follows:

I will accept and make payment of the amount so assessed. Will you kindly let me know by return mail when to send check?

On August 8, 1923, the petitioner paid the assessment of $2,088.72, together with interest thereon.

On June 22, 1925, the petitioner was advised by the Deputy Commissioner that the case had not been closed on the basis indicated in the Collector's letter, but that the claim for abatement had been allowed for a much smaller amount than indicated therein.

The petitioner claims that payment of the assessment of $2,088.72 under the circumstances set forth above constituted a final settlement of the case, or accord and satisfaction, and that the respondent is precluded from claiming further additional taxes.

The negotiations between the petitioner and the Treasury Department as indicated by the correspondence introduced in evidence did not constitute a final settlement of the case as provided for in the revenue acts. Section 1312 of the Revenue Act of 1921, which was in force when the tax was paid, provides that a final settlement may be made by an agreement in writing between the taxpayer and the Commissioner, with the approval of the Secretary.

The Collector's letter and petitioner's reply do not meet the requirements of the statute. *Botany Worsted Mills* v. *United States*, 278 U. S. 282; *James Couzens*, 11 B. T. A. 1040; *Lester L. Robison et al.*, 22 B. T. A. 395.

Petitioner, in the assignments of error contained in his petition, contends that Big Chief Lease, the taxpayer, was entitled to a larger amount of invested capital than that allowed by respondent in his determination of the deficiency under section 210 of the Revenue Act of 1917. No evidence was offered in support of this claim. Consequently, it can not be allowed. The foregoing disposes of all petitioner's assignments of error.

*Judgment will be entered for the respondent.*