*190 OPINION.
Goodrich :
Respondent concedes, and rightly so, that the collection of the tax here claimed is barred by the expiration of the statute of limitations, unless the statutory period has been extended by the waivers filed by petitioner.
Under section 250 (d) of the Revenue Act of 1921, respondent had five years irom the date of filing of the 1918 return, or until June 16, 1924, within which to determine, assess and collect this tax. He failed to make collection, or to institute suit or other proceeding for such collection, within that time, and, therefore, the collection was thereafter barred. The statutory period was continued by section 277 (a) (2), as enlarged by section 278 of the 1924 Act which, however, did not extend to cases where, as here, the assessment had been made prior to the effective date of the act—June 2, 1924. Russell v. United States, 278 U. S. 181; William H. Schroll, 20 B. T. A. 1027; E. J. Lorie, 21 B. T. A. 612. See also section 1009 (d), Revenue Act of 1924. Nor do the Revenue Acts of 1926 and 1928 extend the time within which collection may be made where the assessment was made prior to the effective date of the 1924 Act. No suit or other proceeding for collection had been instituted, and collection was barred prior to the effective date of the 1926 Act.
It is clear, therefore, that collection of the tax was barred on June 16, 1924, when the five-year statutory period expired; on June 2, 1926, when respondent issued his deficiency notice; on July 30,1926, when petitioner filed its appeal therefrom to this Board; and on September 12,1927, when the first waiver was filed.
■ But respondent contends that this waiver, and those subsequently given, revived the period for collection. With this we do not agree. The waivers must be read with their riders, filed with and as a part of them. Therein the taxpayer expressly reserved his rights with respect to the bar of the statute of limitations, and gave to the collector protection only against loss of his rights resulting from his forbearance to distrain for the taxes during the effective period of the waivers. During such periods, the collector had no legal right to distrain, because collection was outlawed long since. As we read them, these waivers effected no revival of the statutory period.
Respondent argues, further, that he should be permitted to make collection now for the reason that, had he made collection previously, whether by distraint or otherwise, whether legally or illegally, petitioner could not recover because of the provisions of section 611 of the Revenue Act of 1928, relating to payments made after the expiration of the statute of limitations. We see no reason for entering the realm of conjecture or resorting to an hypothesis to reach a decision *191 in this case. The fact remains that the tax has not been paid. It further appears that the period within which the tax may be collected lawfully has expired. Therefore, there will be entered a
■ Judgment of no deficiency.