SAMUEL G. ROBINSON AND ANNE S. ROBINSON, PETITIONERS *v.* COMSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6812–71. Filed March 13, 1972.

---

*Thomas S. Loop*, for the petitioners.
*Andrew S. Coxe* and *Bruce McArdle*, for the respondent.

OPINION

SIMPSON, *Judge:* This case is before the Court on the petitioners' motion to strike the answer of the respondent. The motion raises the issue of which party has the burden of proving when a notice of deficiency is received where the notice is incorrectly addressed and the taxpayers plead the statute of limitations.

On August 13, 1971, a notice of deficiency for the taxable year 1967 was mailed to the petitioners at 7821 Freret Street, New Orleans, La. 70118. At that time, the petitioners' address was 26 Audubon Place, New Orleans, La., and this address was known to the respondent. Unless suspended, the period of limitations for the making of an assessment in this case expired on September 15, 1971. See sec. 6503(a)(1), I.R.C. 1954. Neither the petitioners nor the respondent has undertaken to show when the notice was received by the petitioners, but it was apparently received by them sometime prior to September 23, 1971, for on that date, they signed a petition to be filed with this Court. On September 29, 1971, they filed such petition alleging that the deficiency notice was improperly addressed, and alternatively contending that the respondent's determination of a deficiency was incorrect.

The respondent filed his answer and admitted that the notice of deficiency was not addressed to the petitioners at their last known address. Thereafter, the petitioners filed a motion to strike the respondent's answer on the ground that it was predicated on a notice of deficiency which was not mailed to the petitioners at their last known address. In the alternative, the petitioners argued that since the notice was defective, the respondent has the burden of proving that the petitioners received actual notice of the proposed deficiency and that they received such notice before the expiration of the period of limitations for assessing the proposed deficiency. On the other hand, the respondent contended that the notice was valid as of August 13, 1971, because the filing of a timely petition in this Court demonstrated that the petitioners were not prejudiced by the incorrect address on the notice of deficiency. There have been two hearings at which the parties have presented their views.

The statute of limitations is a defense in bar and not a plea to the jurisdiction of this Court. *Badger Materials, Inc.*, 40 T.C. 1061 (1963). In establishing this defense, the petitioner "must make a prima facie case, which ordinarily means proof of the filing of the statutory return and the expiration of the statutory period; whereupon the respondent must go forward with countervailing proof." *E. J. Lorie*, 21 B.T.A. 612, 614 (1930); see *Knollwood Memorial Gardens*, 46 T.C. 764, 792 (1966); *Anne Gatto*, 20 T.C. 830 (1953); *C. A. Reis*, 1 T.C. 8 (1942); *M. A. Nicholson, et al.*, 22 B.T.A. 744, 746 (1931); *Bonwit Teller & Co.*, 10 B.T.A. 1300 (1928). Thus, if the petitioners plead and prove that they have not received a notice of deficiency before the running of the period of limitations, it is clear that they have met their burden of proof and that the respondent must then show that the running of the period was in some way suspended. See *James A. Rogers*, 57 T.C. 711 (1972); *T. W. Warner Co.*, 19 B.T.A. 872 (1930); *Bernicedale Coal Co.*, 16 B.T.A. 696 (1929).

In the present case, although the petitioners have conceded that the receipt by them of the incorrectly addressed notice of deficiency on or before September 15, 1971, would have suspended the running of the period of limitations (cf. *Whitmer* v. *Lucas*, 53 F. 2d 1006 (C.A. 7, 1931); *Bert D. Parker*, 12 T.C. 1079, 1082 (1949); *Daniel Thew Wright*, 34 B.T.A. 84 (1936), affirmed per curiam 101 F. 2d 309 (C.A. 4, 1939)), they have not even alleged that the notice was received after September 15, 1971. It is clear that they received the notice sometime prior to September 23, 1971, and it would have been a simple matter for them to present evidence as to when they actually received the incorrectly addressed notice of deficiency. As they have not shown when the notice was received, and as it was conceded that receipt of the notice on or before September 15, 1971, would have suspended the period of limitations, we cannot ascertain from the evidence presented by the petitioner whether the statutory period for making an assessment has expired. We, therefore, find that the petitioners have failed to make a prima facie case (see *E. J. Lorie, supra*) because they did not plead and prove that they received the notice after the expiration of the statutory period. It follows that the respondent does not have the burden of going forward and proving that the notice was received on or before September 15, 1971. Accordingly, the petitioners' motion will be denied.

As we reach this conclusion, we need not decide the question of whether the notice of deficiency was valid at the time of its mailing.

*An appropriate order will be issued.*