FLOYD R. CLODFELTER and ENNA L. CLODFELTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Clodfelter v. Commissioner
Docket No. 1553-69.
United States Tax Court
T.C. Memo 1973-19; 1973 Tax Ct. Memo LEXIS 267; 32 T.C.M. (CCH) 70; T.C.M. (RIA) 73019; January 29, 1973, Filed *267 Held, petitioners' motion for reconsideration and renewal of motion to dismiss filed under the provisions of Rule 19(e) of the Court's Rules of Practice do not raise matters affecting the prior opinion of the Court and are denied. Warren V. Clodfelter and Richard F. Kroetch, for the petitioners. Earl Goldhammer, for the respondent. GOFFE
MEMORANDUM OPINION
*268 GOFFE, Judge: Respondent determined the following deficiencies in petitioners' income tax and additions to tax under the provisions of section 6653(a) of the Internal Revenue Code[1] for the taxable years indicated: 2 Taxable Year
Income Tax
Addition to tax 1960
$41,630.64
$2,081.53
1961
35,411.03
1,770.55
1962
305,726.08
15,286.30
1963
147,484.27
7,374.21
1964
63,349.48
3,167.47
The case was set for trial on a regular session of the Court in Los Angeles, California, on December 11, 1972. Petitioners filed a motion for reconsideration and a renewal of motion to dismiss. After hearing argument of counsel for both parties and receiving offers of proof by the parties we denied the motions and proceeded to trial. Petitioners declined to offer any proof to show the determination of the Commissioner in his statutory notice of deficiency to be erroneous but, instead, based their sole defense upon the ground that the statutory notice of deficiency was not mailed to the correct address of petitioners and, therefore, *269 not mailed to the last known address as required by section 6212(b) (1) of the Code resulting in the expiration of the three year period of limitations on assessment under section 6501(a). In order to explain our ruling on the motions and offers of proof it is necessary to review the prodeedings in the case which occurred prior to trial. Petitioners, on December 28, 1970, filed a motion to dismiss for lack of jurisdiction urging that the statutory notice of deficiency was not mailed according to law. 3 The motion to dismiss was set for hearing in Los Angeles, California, on May 4, 1971, at which time testimony was taken and arguments presented. The Court ordered the parties to file briefs and after consideration of the briefs, the Court on October 18, 1971, filed its findings of fact and opinion in which it denied petitioners' motion to dismiss for lack of jurisdiction. The opinion is reported at 57 T.C. 102. In accordance with our opinion we entered an order denying petitioners' motion to dismiss. Petitioners filed no motion for retrial, no motion for further trial, nor motion for reconsideration within 30 days after the opinion was served as they were permitted *270 to do by Rule 19(e) of the Court's Rules of Practice. A motion filed within such 30 day period does not require special leave of the Court. Instead, petitioners appealed the order denying petitioners' motion to dismiss to the United States Court of Appeals for the Ninth Circuit. On January 2, 1972, that court dismissed the appeal for lack of jurisdiction without prejudice to the right of petitioners to seek review of a final decision or appealable order of this Court. The thrust of petitioners' motion for reconsideration and renewal of motion to dismiss is based upon the same premise as that urged in the prior hearing, namely, that the statutory notice of deficiency was defective. In the 4 prior hearing petitioners urged that because the statutory notice was mailed to an incorrect address the Court lacked jurisdiction. They now urge that because the notice was defective for the identical reason, the mailing of the statutory notice did not suspend the running of the period of limitations on assessment of the tax and additions to tax under section 6503(a) (1) and, therefore, the period of limitations has now expired and assessment is barred by reason of section 6501(a). This, *271 petitioners argue, is a plea in bar rather than a challenge to the jurisdiction of the Court. We fail to see how petitioners' theory differs in the second hearing from that advanced by them in the first hearings except as to the relief prayed for. The distinction in the relief prayed for has no bearing on the issue of fact to be decided, namely, was the statutory notice of deficiency valid. No useful purpose would be served by repeating here our prior opinion in this case. The reasons stated in that opinion are clear and cogent. It is sufficient to say that petitioners filed a timely petition herein, the address used on the statutory notice though erroneous, was obtained from a source upon which the Commissioner could rely and resulted in petitioners' receipt of the statutory notice within the period of time to permit them to timely file a petition 5 herein and the error in the address resulted in no harm to petitioners. In the second hearing we refused petitioners' offer of proof because such proof was offered to show that at the time counsel for petitioner furnished the erroneous address to the Internal Revenue Service he was not employed to represent his brother, one *272 of the petitioners herein.The objection to such finding of fact in our prior opinion besides being untimely is insignificant. Our prior opinion is not based solely upon that fact and to reopen the record for the purpose of re-trying that limited fact would serve no useful purpose. If the Commissioner learns that the taxpayer has moved, he must use the taxpayer's new address. DeWelles v. United States, 378 F. 2d 37 (C.A. 9, 1967); Cohen v. United States, 297 F. 2d 760 (C.A. 9, 1962) certiorari denied 369 U.S. 865 (1962). In an attempt to ascertain the taxpayer's new address it has been held sufficient to rely on information obtained from a local post office. Luhring v. Glotzbach, 304 F. 2d 556 (C.A. 4, 1962). Surely the brother of petitioner, an attorney, who may not technically be representing petitioner in the instant matter but represented him in other tax matters earlier, was a reliable source for the Commissioner to use. The offer of proof by petitioners was, therefore, rejected as was respondent's offer of proof in rebuttal. 6 Petitioners' motions which we denied in the second hearing amount to nothing more than motions *273 for rehearing, the ruling on which rests in the discretion of this Court. Chiquita Mining Co. v. Commissioner, 148 F. 2d 306 (C.C.A. 9, 1945) affirming a Memorandum Opinion of this Court. It is not an abuse of discretion to decline to reconsider a matter which the Court feels it disposed of properly and no useful purpose would be served by granting petitioners' motions. Friednash v. Commissioner, 209 F. 2d 601, (C.A. 9, 1954) affirming A Memorandum Opinion of this Court. Petitioners, in their trial memorandum filed prior to the second hearing, argue that Rule 19(e) of the Court's Rules of Practice does not apply to the motions filed by them because our prior opinion did not result in a final decision but instead, resulted in an interlocutory order and they again challenge the jurisdiction of the Court by contending that the statute of limitations bars assessment. Petitioners argue further that they raise a question of jurisdiction which may always be raised. The question of jurisdiction was decided in the first hearing. In the second hearing they raised the statute of limitations as a defense. Such defense is not a plea to jurisdiction but a defense *274 in bar. Badger Materials, Inc., 40 T.C. 1061 (1963). 7 Petitioners contend that our opinion in Samuel G. Robinson, 57 T.C. 735 (1972), which was filed after our first opinion in the instant case, should compel us to reconsider our first opinion. We do not agree. That case involved the burden of proof imposed on the parties when the statute of limitations is raised as a defense in bar. We held that the petitioners must make a prima facie case by showing when the tax return was filed and when the statutory period for assessment expired. Petitioners in that case failed to plead and prove that they did not receive the statutory notice of deficiency before the expiration of the period of limitations on assessment. Petitioners conceded that if they had received the notice prior to September 15, 1971, the period of limitations would have been suspended but they failed to plead and prove when they received the notice. Because petitioners failed to make a prima facie case the burden of going forward did not shift to respondent to show that the notice was received on or before September 15, 1971. We did not even reach the question in Robinson, supra, *275 as to whether the notice of deficiency was valid because petitioners failed to make a prima facie case that the period of limitations expired without the receipt by them of a statutory notice of deficiency. In the instant case the 8 statutory notice of deficiency was received by petitioners after the expiration of the period of limitationson assessment unless a statutory notice was mailed to petitioners at their last known address. We have found that the notice was timely mailed to the petitioners at their last known address and, therefore, suspended the period of limitations on assessment. Petitioners offered no proof to show that the determination of the Commissioner in his statutory notice of deficiency was erroneous. The determination of the Commissioner is, therefore, sustained in full. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩