CAMBRIDGE RESEARCH AND DEVELOPMENT GROUP, KENNETH N. SHERMAN, TAX MATTERS PARTNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cambridge Research & Dev. Group v. Commissioner
Docket No. 3435-88
United States Tax Court
T.C. Memo 1989-679; 1989 Tax Ct. Memo LEXIS 679; 58 T.C.M. (CCH) 1053; T.C.M. (RIA) 89679; December 28, 1989
*679 Petitioners moved to dismiss for lack of jurisdiction on grounds that the notice of final partnership administrative adjustment was invalid because it was issued after expiration of the period of limitations. Held, the timeliness of the notice of final partnership administrative adjustment is not relevant to the jurisdiction of the Court under section 6226, so petitioner's motion is denied. Geoffrey J. O'Connor, for the petitioner. Joseph F. Long, for the respondent. WOLFE
MEMORANDUM FINDINGS OF FACT AND OPINION WOLFE, Special Trial Judge: This case is before the Court on petitioner's Motion to Dismiss for Lack of Jurisdiction. The issues for decision are (1) whether the consent to extend the time to assess tax attributable to items of a partnership, executed by one of two equal general partners who purported to be the tax matters partner for the year in issue, was effective to extend the time for respondent to issue a notice of final partnership administrative adjustment; and (2) whether this Court has jurisdiction to decide partnership tax matters regardless of whether a notice of final partnership administrative adjustment may have been issued after the expiration of the period of limitations. [1]
*681 Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Cambridge Research and Development Group (Cambridge Research) was formed as a limited partnership in September, 1966. The two general partners from 1966 until 1984 were Lawrence M. Sherman and his twin brother Kenneth N. Sherman. The business of the partnership was developing and licensing the inventions of the general partners and those of other individuals or companies. Major industrial companies submitted inventions to Cambridge Research for development and licensing. Lawrence and Kenneth Sherman were equally active in partnership affairs from 1966 through 1983. In 1984, Kenneth Sherman accepted a management position with a health facility organization on the west coast. On October 1, 1984, he resigned as general partner of Cambridge Research and converted his general partnership interest into a limited partnership interest. Schedule K-1 of the partnership's 1983 tax return indicated that the brothers had equal interests in partnership profits at year end. The partnership reported income of $ 1,478,468 and expenses of $ 2,639,526, *682 for a net loss of $ 1,161,058. The return was signed by Lawrence Sherman and filed on April 18, 1984. In March, 1985, respondent issued a report of examination changes with respect to the partnership's 1983 return. The report listed Lawrence and Kenneth Sherman as general partners with equal interests in the partnership. In January, 1986, Lawrence Sherman filed with the District Director a protest in which he disputed all examination changes and requested a conference with the Appeals Division. Lawrence Sherman signed the protest as Tax Matters Partner (TMP). The case then was assigned to Appeals Officer Stuart G. Rosen of the Hartford, Connecticut Appeals Office. In April, 1986, Lawrence Sherman executed Form 2848, Power of Attorney, authorizing Geoffrey O'Connor, counsel to the partnership, to represent the partnership before the IRS as to partnership tax matters for 1983. In September, 1986, Appeals Officer Rosen sent Geoffrey O'Connor a consent to extend the time to assess tax attributable to items of a partnership (Form 872-O) for 1983. O'Connor sent the form to the partnership's house counsel, who in turn gave it to Lawrence Sherman with instructions to sign. The form *683 provides a signature line for the TMP and instructs any signer who is not the TMP to sign instead on the next line as "authorized representative." Lawrence Sherman signed the consent as TMP and returned it to Appeals Officer Rosen, who executed it on behalf of respondent on September 18, 1986. A notice of final partnership administrative adjustment (FPAA) was issued in January, 1988. Respondent determined an increase of $ 3,549,762 in ordinary income, a decrease of $ 622,914 in long term capital gains, and an increase of $ 1,884,462 in the partners' net earnings for 1983. Petitioner now contends that the FPAA is invalid because it was issued after the period of limitations had expired. According to petitioner, the consent to extend the period of limitations signed by Lawrence Sherman is ineffective because at the time he signed it he was neither the TMP for 1983 nor petitioner's authorized representative for 1983. [2] Petitioner contends that this Court has no jurisdiction to decide any adjustments to petitioner's tax liabilities determined in respondent's FPAA. *684 The prerequisites to this Court's jurisdiction are the issuance of a valid notice of deficiency and the timely filing of a petition. Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Mollet v. Commissioner, 82 T.C. 618, 623 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985). For partnerships, section 6223 requires respondent to send an FPAA to any partner who has timely provided respondent with sufficient information to enable him to determine that the partner is entitled to such notice. Petitioner does not claim that the FPAA was sent to the wrong address or that a partner who timely notified respondent that he was entitled to notice did not receive notice. Petitioner's assertion concerning the statute of limitations is a defense at bar and not a plea to the jurisdiction of this Court. Genesis Oil and Gas, Ltd. v. Commissioner, 93 T.C. (November 6, 1989); Abeles v. Commissioner, supra at 1039; Robinson v. Commissioner, 57 T.C. 735, 737 (1972); Rule 39. The timeliness of the FPAA is not relevant to the jurisdiction *685 of this Court under section 6226, concerning judicial review of final partnership administrative adjustments. Genesis Oil and Gas, Ltd. v. Commissioner, supra.
Petitioner received a valid FPAA as required by section 6223 and filed a timely petition as required by section 6226. Consequently this Court has jurisdiction to decide petitioner's claim. In view of our holding that the statute of limitations argument here is a defense at bar and not a plea to the jurisdiction of this Court, we need not decide at this time whether the consent to extend the time to assess tax executed by Lawrence Sherman as TMP was effective to extend the time for respondent to issue an FPAA. Petitioner's motion to dismiss for lack of jurisdiction is denied. An appropriate order will be issued. Footnotes
1. This case was assigned pursuant to sec. 7443A and Rule 180, et seq. All section references are to the Internal Revenue Code, as amended and in effect for the year in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner bases his conclusion on the definition of TMP in Section 6231(a)(7)(B) and accompanying regulations. This section provides that if no general partner is designated TMP, the general partner with the largest profits interest at the close of the taxable year involved is TMP; or if there is more than one such partner, the TMP is the general partner whose name is first alphabetically. Section 301.6231(a)(7)-1T, Temp. Proced. & Admin. Regs., 52 Fed. Reg. 6793↩ (Mar. 5, 1989), provides rules for designating and terminating the designation of the TMP.