T.C. Summary Opinion 2005-189


UNITED STATES TAX COURT


RICHARD J. SARNI AND SUSAN SARNI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23540-04S.          Filed December 29, 2005.


Richard J. Sarni and Susan Sarni, pro sese.

Jamie J. Song, for respondent.


ARMEN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

_____

     [1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2000,
the taxable year in issue, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 2000 of $920. Hereinafter references to petitioners individually are to Mr. Sarni or Mrs. Sarni.

The principal issues for decision are:

(1) Whether petitioners are entitled to a dependency exemption deduction for Mrs. Sarni's son, S.G.[2] We hold that they are not.

(2) Whether petitioners are entitled to a child tax credit for S.G. We hold that they are not.

### Background

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.

At the time that the petition was filed, petitioners resided in Europe.

Petitioners have been married since April 2000. Mr. Sarni is a U.S. citizen, and Mrs. Sarni is a British citizen. S.G., who is a British citizen, is Mrs. Sarni's son and Mr. Sarni's stepson. For the year in issue, S.G. was not Mr. Sarni's legally adopted son.

---

[2] We use initials for a minor child.

During 2000, petitioners and S.G. resided in the Netherlands due to Mr. Sarni's employment with the U.S. Department of Defense.

On July 17, 2001, petitioners filed a Form 1040, U.S. Individual Income Tax Return, for the taxable year 2000. On their return, petitioners claimed a dependency exemption deduction and a child tax credit for S.G.

On July 2, 2004, respondent issued a notice of deficiency to petitioners in which respondent determined that petitioners are not entitled to claim S.G. as a dependent because S.G. is not a U.S. citizen. Consequently, respondent further determined that petitioners are not entitled to a child tax credit for S.G.

Petitioners filed a petition with the Court. Paragraph 4 of the petition states in pertinent part:

> I claim reimbursement for travel to the United States small claims court and my return journey to the Netherlands. In addition, I claim all associated costs pertaining to this case.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.[3] Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

---

[3] We decide the issues in this case without regard to the burden of proof under sec. 7491(a) because the issues are essentially legal in nature.

A.  Dependency Exemption Deduction

A taxpayer may be entitled to claim a dependency exemption deduction for each individual who qualifies as the taxpayer's dependent under sections 151 and 152.  Secs. 151(a), (c), and 152.  An individual must meet the following five tests in order to qualify as a dependent of the taxpayer:  (1) Support test; (2) relationship or household test; (3) citizenship or residency test; (4) gross income test; and (5) joint return test.  Secs. 151 and 152.

As relevant herein, the citizenship or residency test requires that the dependent be a U.S. citizen or national, or resident of the United States, Canada, or Mexico at some time during the calendar year in which the taxable year of the taxpayer begins.  Sec. 152(b)(3); sec. 1.152-2(a)(1), Income Tax Regs.

On their 2000 return, petitioners claimed a dependency exemption deduction for S.G.  In the notice of deficiency, respondent disallowed the exemption on the basis that S.G. failed to qualify as a dependent under the citizenship or residency test.

S.G. is not a U.S. citizen or national, or resident of the United States, Canada, or Mexico.  Rather, S.G. is a British citizen.  Moreover, petitioners and S.G. resided in the

Netherlands during 2000. Therefore, S.G. fails the citizenship or residency test under section 152(b)(3).

We hold that petitioners are not entitled to claim a dependency exemption deduction for S.G. for 2000. Accordingly, respondent's determination on this issue is sustained.

B. Child Tax Credit

Section 24(a) provides that a taxpayer may claim a credit for "each qualifying child". A qualifying child is defined, inter alia, as any individual if "the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year". Sec. 24(c)(1)(A).

For the reasons stated in paragraph A, supra p. 4, petitioners may not claim a dependency exemption deduction for S.G. under section 151. Therefore, they may not claim a child tax credit for him. Respondent's determination on this issue is sustained.

C. Period of Assessment

Petitioners contend that respondent "delayed in notifying petitioner that the dependency exemption for * * * [S.G.] for taxable year 2000 was disallowed." Petitioners appear to argue that respondent issued the notice of deficiency beyond the statute of limitations on assessment. See sec. 6501(a).

Generally, an income tax must be assessed within 3 years after the applicable return is filed (whether or not such return was filed on or after the date prescribed). Sec. 6501(a). The

bar of the statute of limitations on assessment is an affirmative defense, and the party raising it must specifically plead it and carry the burden of proving its applicability. Rules 39, 142(a). If the taxpayer makes a prima facie case proving the filing date of his or her income tax return and the expiration of the statutory period prior to the mailing of the notice of deficiency, the burden of going forward with the evidence shifts to respondent. Robinson v. Commissioner, 57 T.C. 735, 737 (1972). The burden of proof, i.e., the burden of ultimate persuasion, however, always remains with the party who pleads that the assessment is barred by the statute of limitations. Adler v. Commissioner, 85 T.C. 535, 540 (1985).

On July 17, 2001, petitioners filed their 2000 return. On July 2, 2004, respondent issued the notice of deficiency. If for no other reason, because the notice of deficiency was issued within 3 years of the date that the return was filed, respondent issued the notice within the time prescribed under section 6501(a), and the statute of limitations is not a bar to assessment. See sec. 6503(a)(1) (suspending the running of the period of limitations because of the issuance of a notice of deficiency and the commencement of an action for redetermination).

D. Estoppel

Petitioners contend that respondent should be estopped from denying petitioners' claimed dependency exemption deduction for

S.G. because respondent's employees provided erroneous advice to petitioners concerning such deduction.

To constitute estoppel: (1) There must be false representation or wrongful misleading silence; (2) the error must originate in a statement of fact and not in an opinion or a statement of law; (3) the person claiming the benefits of estoppel must be ignorant of the true facts; and (4) that person must be adversely affected by the acts or statements of the person against whom an estoppel is claimed. Underwood v. Commissioner, 63 T.C. 468, 477-478 (1975), affd. 535 F.2d 309 (5th Cir. 1976); see Dixon v. United States, 381 U.S. 68 (1965).

Although it is not entirely clear in the record from whom petitioners received such advice or when petitioners received such advice,[4] assuming arguendo that such advice was given, respondent is not bound by the erroneous, incorrect, or incomplete advice of his agents. Dixon v. United States, supra; Auto. Club of Mich. v. Commissioner, 353 U.S. 180 (1957); McGuire v. Commissioner, 77 T.C. 765, 779-780 (1981). Therefore, respondent is not estopped from denying petitioners' claimed dependency exemption deduction for S.G. in the instant case.

E.  Reasonable Litigation or Administrative Costs

Petitioners filed a petition for redetermination of a deficiency under section 6213(a). In the petition, petitioners

---

[4] We note that petitioners' return was prepared by a Volunteer Income Tax Assistance program presumably operated at a military installation.

also seek reimbursement for travel costs to "the United States small claims court" and "all associated costs pertaining to this case".

As relevant herein, a petition for redetermination of deficiency under section 6213(a) shall contain the assignments of error and the relief sought by the taxpayer. Rule 34(b)(4), (6). A claim for reasonable litigation or administrative costs, however, shall not be included in the petition in a deficiency action. Rule 34(b)(8). Rather, as relevant herein, a taxpayer who has substantially prevailed and who wishes to claim reasonable litigation and administrative costs may file a motion within 30 days after the service of a written opinion determining the issues in the case. Rule 231(a); see sec. 7430(a).

By virtue of Rule 34(b)(8), petitioners' claim for reasonable litigation or administrative costs in their petition is premature. See Rule 231(a). Accordingly, we do not consider petitioners' claim at this time.[5]

---

[5] Apart from the time and manner of making a claim for reasonable litigation and administrative costs, we note that it cannot be said that petitioners were the prevailing party, see sec. 7430(a), (c)(4), because all of the issues in dispute were decided in respondent's favor.

## Conclusion

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect our disposition of the disputed issues,

<u>Decision will be entered</u>

<u>for respondent.</u>