BILL W. AND AURIL M. PEBLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pebley v. Commissioner
Docket No. 16726-80.
United States Tax Court
T.C. Memo 1981-701; 1981 Tax Ct. Memo LEXIS 40; 43 T.C.M. (CCH) 71; T.C.M. (RIA) 81701; December 10, 1981. *40 Held: All grounds for redetermination set forth in the amended petition are either insufficient, as a matter of law, to form the basis for a redetermination of the deficiency set forth in the statutory notice or, if legally sufficient on their face, are rendered insufficient by the uncontroverted facts. Accordingly, respondent's motion for summary judgment pursuant to Rule 121 is granted. Bill W. Pebley, pro se. Michael C. Cohen, for the respondent. IRWIN
MEMORANDUM OPINION IRWIN, Judge: Respondent determined a deficiency of $ 10,762 in petitioners' Federal income tax for 1977. Petitioners *41 were residents of North Hollywood, California, at the time of the filing of the petition in this case. This matter is before the Court on the petrial Motion of Respondent for Summary Judgment filed on May 21, 1981, pursuant to Rule 121, Tax Court Rules of Practice and Procedure.[1] Petitioners filed an opposing memorandum and a hearing on respondent's motion was held in Los Angeles, California, on September 21, 1981. Petitioner and respondent's counsel appeared at the hearing and argued their respective positions. Under Rule 121(b), a motion for summary judgment shall be granted if the "pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." In the notice of deficiency dated June 10, 1980, respondent determined a deficiency in petitioners' Federal income taxes for the taxable year 1977 of $ 10,762. The adjustments to income were based on the *42 disallowance of a foreign income exclusion and a portion of petitioners' claimed employee business expenses deduction. In addition, their tax was recomputed using the maximum tax method in lieu of the income averaging method. Petitioners timely filed a petition with this Court for the redetermination of the deficiency and filed an amended petition on September 22, 1980. Respondent filed an answer to the amended petition on December 11, 1980. It is respondent's position that all the grounds for redetermination set forth in petitioners' amended petition are either insufficient, as a matter of law, to form the basis for a redetermination of the deficiency set forth in the statutory notice or, if legally sufficient on their face, are rendered insufficient by the uncontroverted facts. Rule 34(b) provides, in relevant part, that the petition shall contain: (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. The assignments of error shall include issues in respect of which the burden of proof is on the Commissioner. Any issue not raised in the assignments *43 of error shall be deemed to be conceded. * * * (5) Clear and concise lettered statements of the facts on which petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is on the Commissioner. Petitioners make no reference to the specific adjustments made by respondent in the notice of deficiency. The only allusion to these issues made in the amended petition consists of the following statements: 5. The facts upon which Petitioner relies, as the basis for his case are as follows: D. Petitioner denies each and every element of assessment and penalty not herein admitted, qualified, or denied, and puts the I.R.S. to its strict proof thereof. K. Petitioner does not limit his grounds to the points raised in this petition, but asserts that he reserves the right to use any and all legal points and authorities needed in his behalf. No such reservation can act to nullify the requirements of the rules of this Court. Goldsmith v. Commissioner, 31 T.C. 56, 63-64 (1958). We have held that "[o]ur rules require full--rather than incomplete, fragmentary, or vague--pleadings by the parties. *44 " Klein v. Commissioner, 45 T.C. 308, 311 (1965). These vague references are insufficient to raise or preserve petitioners' right to raise the substantive issues inherent in the notice of deficiency (i.e., the foreign income exclusion, the deductibility of business expenses, and petitioners' entitlement to the income averaging method of compouting their taxes). See Factor v. Commissioner, 281 F.2d 100, 123-124 (9th Cir. 1960), affg. a memorandum opinion of this Court. Therefore, in view of Rule 34(b)(4) and (5), we deem these issues to have been conceded by the petitioners. In paragraph 4(D) of the amended petition, petitioners allege that assessment is barred by the statute of limitations. The uncontroverted facts show that this contention is meritless. Petitioners' joint income tax return for 1977 was filed on or before its due date of April 15, 1978. Therefore, in accordance with section 6501(a) and (b)(1) of the Internal Revenue Code, the limitation period for assessment of 1977 taxes would normally expire on April 15, 1981. However, because a statutory notice of deficiency was mailed to petitioners on June 10, 1980, and a petition was filed *45 with this Court, the running of the period of limitations is suspended until our decision becomes final, and for 60 days thereafter, in accordance with section 6503(a)(1). The remainder of the amended petition consists of a harangue against respondent and this Court raising the usual plethora of frivolous legal and constitutional arguments typical of tax protesters and citing as authority irrelevant historical documents, inter alia, the Mayflower compact and the Federalist Papers. Mr. Pebley admitted at the hearing on this motion that the amended petition is a form petition obtained from "Your Heritage Protection Association," an organization apparently dedicated to disrupting legitimate tax litigation by clogging the dockets of this Court. [2] Similar form petitions have been painstakingly analyzed by this Court on numerous occasions and the dubious authorities they raised consistently refuted. [3] We see no reason to repeat that time-consuming procedure here. *46 On this point we have recently stated: [T]his Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. [McCoy v. Commissioner, 76 T.C. 1027, 1029-1030 (1981), on appeal (9th Cir. Sept. 15, 1981).] In conclusion, we find that the statements contained in the amended petition are insufficient to raise the substantive issues upon which the notice of deficiency is based. We hold, therefore, that the petitioners have conceded those issues. Because there is no genuine issue of material fact to be adjudicated, respondent's motion *47 for summary judgment will be granted. Decision will be entered for the respondent
Footnotes
1. Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
2. In this case that organization performed a serious disservice to petitioners as well as to this Court. By filing a petition that does not conform to our rules per their suggestion, the substantive issues raised by the notice of deficiency were deemed conceded. It is entirely possible that petitioners could have prevailed in this Court had they pursued this litigation in a good faith manner. ↩
3. See Edens v. Commissioner, T.C. Memo. 1981-66 and Voelker v. Commissioner, T.C. Memo. 1981-67↩ and cases cited therein.