ELIZABETH C. GELLATLY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gellatly v. Commissioner
Docket No. 3835-83.
United States Tax Court
T.C. Memo 1984-262; 1984 Tax Ct. Memo LEXIS 409; 48 T.C.M. (CCH) 108; T.C.M. (RIA) 84262; May 15, 1984. William E. Bonano, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456(c) and (d), [1] General Order No. 8 (81 T.C. XXIII) (1983) and Rules 180 *410 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This case is before us on respondent's oral motion to dismiss for failure to prosecute and his written motion to award damages to the United States under section 6673. Respondent determined deficiencies in petitioner's Federal income taxes as follows: Additions to Tax
Year
Income Tax § 6651(a) § 6653(a) § 6654(a)
1979
$3,108.00
$777.00
$155.40
$130.53
1980
3,962.12
990.53
198.11
253.57
The deficiency notice computation, based upon unreported income, treated petitioner as a single person, with one personal exemption and no allowance for dependents or itemized deductions and no credits. Petitioner timely filed a petition to this Court to redetermine the deficiencies. At the time of so filing, she alleged that she was a resident of Kings Beach, *411 California. In her petition, petitioner made various allegations of a tax protester nature, all frivolous and completely meritless. She alleged that she was not required to file a return or pay a tax for 1979 and 1980, that she received nothing of known tangivle value that qualified as income and that she did not volunteer to self-assess herself. The Court takes judicial notice [3] of the fact that the petition herein is substantially identical in nature to several hundred others filed in this Court by a large group of persons in the southern California area. We have held in such cases, time and again, that the arguments advanced were without merit. See, e.g., Raccio v. Commissioner,T.C. Memo. 1984-125; Dragoun v. Commissioner,T.C. Memo. 1984-94; Urban v. Commissioner,T.C. Memo. 1984-85; Ross v. Commissioner,T.C. Memo 1983-624; Langseth v. Commissioner,T.C. Memo. 1983-576; Pebley v. Commissioner,T.C. Memo. 1981-701. Petitioner failed *412 to respond to the call and the recall [4] of the calendar on March 19, 1984. On March 22, 1984, respondent requested that the matter be recalled once again so that an adjustment to the deficiency amounts shown in the statutory notice of deficiency might be made to reduce the additions to tax under sections 6651 and 6654 for the year 1979 to reflect withholding at the source in petitioner's wages for that year. The addition under section 6651(a) was reduced to $120.07 and the section 6654(a) addition weas deleted. Petitioner, by failing to respond to the call and recall of the calendar, has refused to prosecute her case or to offer evidence in regard to it. Rules 123(b) and 149(b) provides: RULE 123. DEFAULT AND DISMISSAL * * * (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the *413 Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * RULE 149. FAILURE TO APPEAR OR TO ADDUCE EVIDENCE * * * (b) Failure of Proof:Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by his adversary, may be ground for dismissal or for determination of the affected issue against that party. Respondent's motion to dismiss for failure to prosecute properly is granted for both years for the underlying deficiencies and the additions thereto set forth in the statutory notice of deficiency as subsequently reduced for the year 1979 by respondent. The allegations of petitioner in her petition are so frivolous and groundless as not to warrant any extended discussion. See Rowlee v. Commissioner,80 T.C. 1111 (1983), as well as Pebley;Ross;Langseth; *414 Urban;Dragoun; and Raccio, all supra. We would be doing a disservice to those petitioners who come before this Court with valid controversies were we to expend our time and resources on exhaustive analyses of each meritless allegation of petitioner. We now move to respondent's motion for award of damages to the United States under section 6673. That section provides, as to cases commenced after December 31, 1982, as follows: SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or goundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. The petition herein was filed on February 24, 1983. In addition to her petition, petitioner also filed a "Request for Jury Trial" *415 which was denied; "Motion for Summary Judgment" which was denied; "Motion for More Definite Statement" which was denied; another "Motion for Summary Judgment" which was denied; "Motion to Stay Proceedings" which was denied; and a so-called "Notice of Decision." Each one of these documents required the time and attention of this Court, as well as that of respondent. Each one of these documents was meritless, frivolous and groundless. In her Motion to Stay Proceedings, petitioner advised this Court that she was an active supporting member of an organization called Your Heritage Protection Association (hereafter YHPA) and based her request for a stay upon an action by the United States for a preliminary and permanent injunction then pending in the United States District Court for the Central District of California against YHPA and Thomas Pat Creech, the acting director of YHPA's communications department (Docket CV No. 84-0643-R). Petitioner alleged that as a member of YHPA she was a real party in interest in the civil action. [5]
The *416 first case in this Court in which the opinion specifically refers to the YHPA as such was Pebley v. Commissioner,supra, on December 10, 1981. There we stated: The remainder of the amended petition consists of a harangue against respondent and this Court raising the usual plethora of frivolous legal and constitutional arguments typical of tax protesters and citing as authority irrelevant historical documents, inter alia, the Mayflower compact and the Federalist Papers. Mr. Pebley admitted at the hearing on this motion that the amended petition is a form petition obtained from "Your Heritage Protection Association," an organization apparently dedicated to disrupting legitimate tax litigation by clogging the dockets of this Court. Similar form petitions have been painstakingly analyzed by this Court on numerous occasions and the dubious authorities they raised consistently refuted. We see no reason to repeat that time-consuming procedure here. [43 T.C.M. 71, at 72, 50 P-H Memo T.C. par. 81,701, at 81-2743; Fn. refs. omitted.] Since Pebley, this Court has issued orders and opinions in several hundred cases concerning petitions identical *417 to petitioner's. We can only conclude that she, as a self-stated active member of that group, chose to ignore the prior decisions of this Court and she chose to continue the process of filing frivolous and groundless petitions. Her petition was filed primarily for delay. We find that the damages incurred by the United States because of petitioner's actions are in excess of $5,000, the statutory limit on our authority to award damages, and we herewith award damages to the United States in the amount of $5,000. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. This Court will take judicial notice of its own records. Fed. R. Evid. 201(b)↩; Rule 143(a).
4. She did, however, file a motion to stay proceedings, as well as mail to this Court a document entitled "Notice of Decision" which stated that this action had been commenced in error, that Rule 13(a) established the jurisdiction of the Court to only those cases commenced by a taxpayer, and that petitioner was not a taxpayer.↩
5. A summary judgment for permanent injunction was entered by the District Court on April 16, 1984. (BNA Daily Tax Report No. 82, p. H-3.)↩