JOHN E. ATKINSON AND SHEILA ATKINSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Atkinson v. Commissioner
Docket No. 23298-88
United States Tax Court
T.C. Memo 1990-37; 1990 Tax Ct. Memo LEXIS 37; 58 T.C.M. (CCH) 1257; T.C.M. (RIA) 90037; January 22, 1990; As Corrected March 12, 1990 Lee B. Zaben and Charles C. Shelton, for the petitioners. Agnes Gormley, for the respondent. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION COLVIN, Judge: By notice of deficiency dated August 17, 1988, respondent determined a deficiency in petitioners' Federal income tax for the taxable year ended December 31, 1981, in the amount of $ 19,919.20, and additions to tax pursuant to section 6653(a)(1) *38 [1] in the amount of $ 995.95 and section 6659 in the amount of $ 3,060.31. Further, an addition under section 6653(a)(2) was determined based upon an underpayment of $ 10,107.70. After concessions, the only issue for decision is whether the period for assessment of tax for taxable year 1981 has expired. This depends upon whether a Form 872-A executed by the parties in 1984 extends the period of limitation for 1981. The Form 872-A contained a typographical error. A typed entry on the form indicates it applies to 1984 instead of 1981. Petitioners' case depends on enforcement of the typographical error. Respondent's case depends on reformation of the document based on mutual mistake. The specific questions to be decided are: (1) Are petitioners estopped from asserting that the consent is invalid? We hold they are not. (2) Can the Court look to extrinsic evidence beyond the Form 872-A itself to ascertain if there was mutual mistake? We hold that we can. Woods v. Commissioner, 92 T.C. 776 (1989) (Court *39 reviewed). (3) Are there sufficient extrinsic facts to show by clear and convincing evidence that the Form 872-A, applicable to 1984 on its face, does not reflect the intent of the parties, and that the parties intended the Form 872-A to apply to 1981? As discussed below, we find that there are. Accordingly, we hold for respondent. FINDINGS OF FACT Petitioners are husband and wife who resided at Joppa, Maryland, at the time the petition was filed. They filed their 1981 Federal income tax return on or before April 15, 1982. Petitioner Mr. Atkinson is a high school graduate with no college or other formal education. Petitioners have had little contact with the IRS except in connection with the circumstances of this case and the filing of their yearly Federal income tax returns which were prepared by a certified public accountant (CPA). Petitioners held an interest in "HRM Partnership 1981" (HRM 1981) throughout the early 1980's. They claimed a deduction for partnership losses from HRM 1981 on their income tax returns for 1981, 1982, 1983, and 1984. In late 1983, respondent mailed petitioners a Form 872-A, Special Consent to Extend the Time to Assess Tax, for taxable *40 year 1980. Before signing it, Mr. Atkinson contacted his CPA who had prepared tax returns for him for the previous 20 to 25 years, including the 1980 return. The CPA advised him to sign the form. Petitioners signed it on November 25, 1983, and mailed it back to respondent. Respondent's agent signed the form on December 2, 1983. In November 1984, respondent again prepared and mailed a written request to petitioners to sign a Form 872-A, Special Consent to Extend the Time to Assess Tax. On the form, respondent entered petitioners' names and address, and a statement that it covered "the period(s) ended December 31, 1984 * * *." The Form 872-A stated in part that it applied to "the taxpayers' distributive share of any item of income, gain, loss, deduction, or credit of, or distribution from: HRM Partnership 1981 - 94-2782308 Monterey Bay Partnership - 94-2730499" On November 28, 1984, petitioners signed the Form 872-A. They did not contact their CPA or anyone else to ask whether they should sign it. Mr. Atkinson believed that the advice regarding the Form 872-A would be to sign the form, just as he had been advised by his CPA in November 1983. Petitioner testified that *41 he intended to cooperate with respondent in signing the Form 872-A which respondent sent and that since the form stated it applied to 1984 he thought it did. The Form 872-A was then signed for respondent and dated December 20, 1984. Respondent sent petitioners a preprinted form cover letter, dated December 21, 1984, returning a copy of the executed Form 872-A for petitioners' records. An entry on the upper right portion of the cover letter states that the Form 872-A covers the "Tax Period Ended: 12/31/81." On October 8, 1985, petitioners signed a Form 2848, Power of Attorney, to authorize Mr. Lee Zaben and others to represent them with respect to the 1981 tax year. On December 30, 1985, Mr. Zaben sent a $ 50,000 cash bond to respondent, to be applied on behalf of petitioner John E. Atkinson as follows: Amount
Tax Year
$ 27,102
1980
18,182
1981
4,716
1982
The cash bond was filed to stop interest from accruing in the event of any possible future assessment for 1980, 1981, or 1982. On January 21, 1986, petitioners signed a Form 872-A for tax year 1982. On December 29, 1986, Mr. Zaben filed amended tax returns for 1982, 1983, and 1984, for petitioners. *42 The letter enclosing the returns directed respondent to apply amounts then on deposit with respondent to taxable years 1982 through 1984. A statutory notice of deficiency for 1981 was mailed to petitioners on August 17, 1988. Petitioners timely filed their petition for 1981 on September 9, 1988. OPINION Petitioners filed their federal income tax return for taxable year 1981 on or before April 15, 1982, and respondent mailed a statutory notice of deficiency for 1981 on August 17, 1988. Assessment against petitioners with respect to taxable year 1981 is therefore barred under section 6501(a) unless: (1) petitioners are estopped from denying the validity of an agreement to extend the period for assessment, or (2) the parties agreed to extend the period for assessment beyond the date the notice was issued. (1) Are petitioners' estopped from asserting that the consent is invalid? Respondent asks the Court to find that petitioners are estopped from asserting that the consent is invalid because both parties continued to act as though the period for timely assessment for taxable year 1981 had been extended. *43 A taxpayer may be estopped from denying the validity of an agreement to extend the period of limitations where respondent reasonably relies upon waivers executed by the taxpayer if: (a) there is false representation or wrongful misleading silence; (b) the error originates in a statement of fact, not in opinion or a statement of law; (c) the one claiming the benefits of estoppel does not know the true facts; and (d) the same person, against whom an estoppel is claimed, is adversely affected by the acts or statements. Lignos v. United States, 439 F.2d 1365, 1368 (2d Cir. 1971); Piarulle v. Commissioner, 80 T.C. 1035 (1983) (citing Benoit v. Commissioner, 25 T.C. 656 (1955), affd. 238 F.2d 485 (1st Cir. 1956)). See also Cary v. Commissioner, 48 T.C. 754 (1967). We find that there was no false representation or wrongful misleading silence to justify the application of estoppel here. While we believe that petitioners intended the Form 872-A to apply to taxable year 1981 when they signed the form, we do not believe that petitioners knew of the mistake on the form until later. We hold that estoppel *44 is not appropriate here. (2) Can the Court look to extrinsic evidence to ascertain the intent of the parties? The next issue is whether the consent to extend the time for assessment which is applicable to taxable year 1984 on its face should be reformed to apply to taxable year 1981 based on mutual mistake of the parties. Section 6501(c)(4) allows the parties to give consent to extend the period for assessment and collection: Section 6501. Limitations on Assessment and Collection. * * * (c) Exceptions. * * * (4) Extension by Agreement. Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, except the estate tax provided in chapter 11, both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. The Form 872-A nominally applies to petitioners' *45 1984 taxable year. We note that the Court has given considerable weight to a claim by a party that one or both parties intended the Form 872-A (or its predecessors) to apply as stated by the explicit terms on the form. See, e.g., Adler v. Commissioner, 85 T.C. 535 (1985); Concrete Engineering Co. v. Commissioner, 19 B.T.A. 212 (1930), affd. 58 F.2d 566 (8th Cir. 1932); Stern Brothers & Co. v. Commissioner, 17 B.T.A. 848 (1929), affd. 51 F.2d 1042 (8th Cir. 1931); Farmers Feed Co. v. Commissioner, 10 B.T.A. 1069 (1928). However, respondent argues that extrinsic evidence shows that the parties intended the 1984 Form 872-A to apply to 1981 rather than 1984. Respondent argues that the Court can look beyond the face of the Form 872-A to determine the intent of the parties. We agree. On April 11, 1989, we filed our opinion in Woods v. Commissioner, supra.Disagreeing with Constitution Publishing Co., 22 B.T.A. 426 (1931), and Atlas Oil & Refining Corp., 22 T.C. 552 (1954), we said: However, to the extent those cases state that *46 we will not consider the actual agreement and intention of the parties when there has been a drafting error in the written extension, those cases are inconsistent with our general application of contract principles in determining the effect of a written extension. Woods v. Commissioner, supra at 784. In Woods, we looked beyond the terms of an unambiguous Form 872-A to determine its meaning. Here, as in Woods, there was a typing error in the Form 872-A. Accordingly, to determine the effect of the written document, we may consider the intention of the parties as shown by extrinsic evidence. (3) Does extrinsic evidence in this case show that the Form 872-A signed in 1984 was intended to apply to 1981? Petitioner testified that he thought the Form 872 applied to 1984. However, here, as in other cases where we must decide a taxpayer's intent, we give greater weight to the objective facts than to a taxpayer's mere statement of intent. See, e.g., Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983). There are several circumstances which we believe show petitioners *47 expected, intended, and had every reason to be on notice that Form 872-A signed in 1984 applied to 1981. (a) The Form 872-A signed in 1984 would not have been an extension for 1984 because petitioners had not yet filed their Federal income tax return for 1984. The period for assessment of tax does not begin to run until the tax return for the year is filed. Sec. 6501(a). Petitioners did not file their return for 1984 until July 2, 1985. Since, in November 1984, the period for assessment of tax had not begun, it makes no sense that the parties would seek to extend it. (b) The Form 872-A identified the specific item on petitioners' return to which it applied. It makes no sense that the Form 872-A would identify a specific item on a return not yet filed; thus, the Form 872-A must have applied to an earlier year. (c) Petitioners were reasonably on notice that the Form 872-A signed in 1984 was to apply to 1981 because in 1983 petitioners had knowingly signed a consent form which applied to 1980. (d) Petitioners argue that the consent form signed in 1984 could apply to taxable years other than 1981, such as 1982 or 1983. But we believe that petitioners' experience in 1983, *48 near the end of the 3-year period for assessment for their 1980 return, gave petitioners every reason to know the waiver signed in 1984 similarly applied to 1981. Section 6501(c)(4) provides authority for consents. Respondent's policy and guidelines for securing a consent provided for under section 6501(c)(4) are stated in Rev. Proc. 57-6, 1957-1 C.B. 729. Rev. Proc. 57-6 states that respondent will not ordinarily seek such consents unless respondent will have difficulty in completing an examination within the statutory period for assessment. The inference which follows is that respondent's policy is to generally seek consents near the end of the 3-year period following the filing or due date of a taxpayer's return. (e) On October 8, 1985, petitioners signed a Form 2848, Power of Attorney, to authorize counsel to represent them regarding their 1981 taxable year. (f) On December 30, 1985, petitioners submitted a $ 50,000 cash bond to respondent, allocating $ 18,182 towards the tax year 1981. Factors (e) and (f) could be argued to show merely that petitioners or petitioners' counsel knew that respondent took the position that the Form 872-A applied *49 to 1981, and do not show that petitioners so intended when they signed the form in 1984. However, on balance, we believe it is more likely that these factors show that petitioners knew that the Form 872-A applied to taxable year 1981. On balance, after weighing all of the evidence, we conclude that the parties intended the Form 872-A signed in 1984 to apply to 1981. Respondent asks us to reform the Form 872-A signed in 1984 to indicate that it is applicable to taxable year 1981 as relief from mistake. We believe that reformation is appropriate. As was noted in Woods v. Commissioner, supra at 782, Reformation is an equitable remedy used to reframe written contracts to reflect the real agreement between the parties when, because of mutual mistake, the writing does not embody the contract as actually made. [Citations omitted.] Such reformation is proper for a mistake in drafting. Woods v. Commissioner, supra at 782. The mutual mistake here is a "scrivener's mistake." See Woods v. Commissioner, supra; Newton v. Brown, 222 Neb. 605, 386 N.W.2d 424 (1986). We are persuaded by clear and *50 convincing evidence that the writing contains a scrivener's mistake and that reformation is warranted. Woods v. Commissioner, supra at 789; 1 Restatement, Contracts 2d, sec. 155, comment c. (1981). For the foregoing reasons, we hold under the facts before us that assessment and collection of the deficiency in tax for the year 1981 are not barred by the statute of limitations. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year at issue.↩