T.C. Memo. 2015-8

UNITED STATES TAX COURT

HARTLAND MANAGEMENT SERVICES, INC., ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 3275-13, 3279-13,         Filed January 12, 2015.
            3610-13.

Reggie L. Wegner, for petitioners.

George W. Bezold, for respondent.

MEMORANDUM OPINION

COHEN, Judge:  In these consolidated cases, respondent determined

deficiencies and penalties as follows:

_____

[1]Cases of the following petitioners are consolidated herewith:  Craig J.
Kunkel and Kim M. Kunkel, docket No. 3279-13; and Integra Engineering, LTD,
docket No. 3610-13.

[*2] Hartland Management Services, Inc. (Hartland), Docket No. 3275-13

| Year | Deficiency |
|------|-----------|
| 2009 | $37,732 |
| 2010 | 37,148 |
| 2011 | 24,795 |

Craig J. Kunkel and Kim M. Kunkel (collectively, Kunkels) Docket No. 3279-13

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|-----------|
| 2008 | $135,503 | $27,100.60 |
| 2009 | 128,644 | 25,728.80 |
| 2010 | 116,360 | 23,272.00 |

Integra Engineering, LTD (Integra), Docket No. 3610-13

| Year | Deficiency |
|------|-----------|
| 2008 | $111,592 |
| 2009 | 111,907 |
| 2010 | 99,300 |

References to the tax years for the corporations are to the applicable fiscal years.

**[*3]** Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the issues remaining for decision are whether the period of limitation bars assessment of the deficiencies for Hartland's 2009 tax year and the Kunkels' and Integra's 2008 tax years (disputed years) and, if not, whether the Kunkels are liable for the section 6662(a) penalties for 2008, 2009, and 2010.

## Background

All of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time their petitions were filed, the Kunkels resided in Wisconsin, and Hartland, which dissolved in 2013, and Integra had their principal places of business in Wisconsin.

Hartland was a Wisconsin corporation that operated on a fiscal tax year ending on May 31. For the disputed years, Craig J. Kunkel was the president of and wholly owned Hartland. During that time, he also owned 79% of Integra, and his son owned the remaining 21%. Integra is a Wisconsin corporation that operates on a fiscal tax year ending on November 30.

Integra's Form 1120, U.S. Corporation Income Tax Return, for its tax year ended (TYE) November 30, 2008, was filed by its due date of February 17, 2009.

**[\*4]** The Kunkels jointly filed their 2008 Form 1040, U.S. Individual Income Tax Return, by its due date of April 15, 2009.  For its TYE May 31, 2009, Hartland's Form 1120 was filed by its due date of August 15, 2009.

The Internal Revenue Service (IRS) selected Integra's 2007 tax year for examination in 2010.  Frank W. Bastian, a tax attorney and certified public accountant (C.P.A.), was hired to represent Integra through the examination process.  The resulting audit expanded to include the other petitioners and the disputed years as well as other taxpayers related to the Kunkels and other years.  Bastian represented petitioners in the audit, which continued into 2011 and 2012.

In late 2011, the IRS prepared three Forms 872, Consent to Extend the Time to Assess Tax (initial Forms 872), among others, with respect to petitioners.  The Form 872 for Integra stated:  "The amount of any Federal <u>Income</u> tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended <u>February 15, 2012</u> may be assessed at any time on or before <u>December 31, 2012</u>."  (The underlined portions of the above excerpt represent fields that were filled in by the IRS.)  The Forms 872 for the Kunkels and Hartland contained the same wording except that the "period(s) ended" dates were April 15, 2012, and August 15, 2012, respectively.  Petitioners executed the initial Forms 872 on December 7, 2011, and an IRS area director executed them on December 8, 2011.

**[\*5]** On or around February 13, 2012, the IRS sent to petitioners its final examination reports. In response, petitioners exchanged two letters with the IRS stating their intent to submit formal written protests to some or all adjustments made in the proposed examination reports. The letters, dated February 17 and 27, 2012, specifically identified TYE November 30, 2008, for Integra, TYE December 31, 2008, for the Kunkels, and TYE May 31, 2009, for Hartland. Enclosed with the February 27, 2012, letter was petitioners' Statement in Support of Disagreement with Proposed Adjustments, signed by Bastian and dated February 27, 2012, that also specifically identified the disputed years.

In 2012, the IRS prepared three additional Forms 872 similar to the ones sent to petitioners in 2011 except that the "period(s) ended" fields showed "November 30, 2008" for Integra, "December 31, 2008" for the Kunkels, and "May 31, 2009" for Hartland. Also, the expiration date for assessment shown on all three forms was August 31, 2013. Petitioners received these additional Forms 872 on or around July 18, 2012, but never signed them. On the additional Forms 872 for Integra and the Kunkels, someone from petitioners' counsel's law firm handwrote "Do not sign" on pages 1 and drew a large "X" through the signature pages.

**[\*6]** IRS agents had telephone conversations with petitioners' counsel on July 24 and 26 and August 2, 2012, in part to renew the request that petitioners sign and return the additional Forms 872. Petitioners still did not sign these forms. On November 21, 2012, the IRS sent to petitioners the notices of deficiency. Hartland was dissolved in January 2013.

## Discussion

Petitioners do not raise any issues as to Hartland's 2010 and 2011 tax years or the Kunkels' and Integra's 2009 and 2010 tax years. Although in their petition petitioners "reserve[d] all legal rights and remedies available" with respect to the deficiencies for these years, Rule 34(b)(4) provides that any issue not raised in the assignment of errors is deemed conceded by the taxpayer. Cf. Pebley v. Commissioner, T.C. Memo. 1981-701, 43 T.C.M. (CCH) 71, 72 (1981) (determining--where the taxpayer in his petition reserved the right to use legal points and authorities beyond the points raised therein--that no such reservation can act to nullify the requirements of the Rules of this Court). As to the disputed years, petitioners raised multiple issues in their pretrial memorandum. On brief, however, petitioners make only one argument--that the deficiencies and penalty are barred by the period of limitation for assessment (period of limitation). For those issues as to which petitioners bore the burden of proof, they neither

**[\*7]** addressed these issues at trial nor provided any evidence to challenge respondent's determinations. <u>See</u> Rules 149(b), 151(e). As a result, all issues affecting the deficiencies other than the period of limitation for the disputed years are deemed conceded by petitioners.

After a return is filed, the IRS generally is limited to three years to assess the amount of tax imposed, i.e., the period of limitation. Sec. 6501(a). The expiration of the period of limitation is an affirmative defense, and the party raising it must specifically plead it and carry the burden of proving its applicability. Rules 39, 142(a). To establish this defense, taxpayers must make a prima facie case establishing the filing of their returns, the expiration of the statutory period, and receipt or mailing of the notice after the running of the period. <u>Coleman v. Commissioner</u>, 94 T.C. 82, 89 (1990); <u>Robinson v. Commissioner</u>, 57 T.C. 735, 737 (1972).

The parties agree and the record reflects that petitioners timely filed their returns for the disputed years and that the three-year period of limitation for each year in issue had expired before respondent sent the notices of deficiency on November 21, 2012.

Where the IRS has issued a notice of deficiency to a taxpayer beyond the three-year period, the burden of going forward is on the Commissioner to show

**[*8]** that a valid extension of the period of limitation existed.  See Hernandez v. Commissioner, T.C. Memo. 1998-46, slip op. at 12.  The period of limitation may be extended if the IRS and the taxpayer agree to an extension in writing.  Sec. 6501(c)(4).  If the Commissioner can show that a valid extension existed, then the burden of going forward shifts back to the party pleading the affirmative defense to show that the alleged exception to the expiration of the period is invalid or otherwise inapplicable.  Adler v. Commissioner, 85 T.C. 535, 540 (1985).  The burden of proof, i.e., the burden of ultimate persuasion, however, never shifts from the party who pleaded the bar of the period of limitation.  Id.; accord Malachinski v. Commissioner, 268 F.3d 497, 504 (7th Cir. 2001), aff'g T.C. Memo. 1999-182.

Respondent and petitioners chose not to present their cases at trial.  As a result, there is no testimony to affirm, contradict, or be weighed as to the intent of the parties.  Similarly, there are no relevant documents in the record that clearly state the intended taxable periods.  Instead, both parties rely solely on the stipulation of facts and attached exhibits.

The parties signed the initial Forms 872 for the purpose of extending the period of limitation under section 6501(c)(4).  However, the initial Forms 872 referred to periods ending on February 15, 2012 (for Integra), April 15, 2012 (for the Kunkels), and August 15, 2012 (for Hartland), as the taxable periods to be

**[\*9]** extended.  Respondent argues that these dates are merely a scrivener's error by the IRS, which entered the intended period of limitation expiration dates instead of the disputed years.  Arguing that the parties' unawareness of these errors shows a mutual mistake, respondent ultimately contends that the initial Forms 872 should be reformed to apply to the disputed years rather than the "erroneous" years.

While it is long established that the Commissioner "takes the risk of any defect in the documents upon which he relies as waivers", this Court nevertheless has the power to reform Form 872 to conform to the intent of the parties.  T.W. Warner Co. v. Commissioner, 19 B.T.A. 872, 877 (1930); see Woods v. Commissioner, 92 T.C. 776 (1989); San Francisco Wesco Polymers, Inc. v. Commissioner, T.C. Memo. 1999-146; Buchine v. Commissioner, T.C. Memo. 1992-36, 63 T.C.M. (CCH) 1838 (1992), aff'd, 20 F.3d 173 (5th Cir. 1994). Reformation is an equitable remedy used to reframe written contracts to reflect the real agreement between the parties when, because of mutual mistake, the writing does not embody the contract intended.  Woods v. Commissioner, 92 T.C. at 782. Reformation provides a result that both parties agreed to and prevents an unintended and unexpected windfall.  Id. at 789.  However, to reform Form 872, there must be "clear and convincing evidence" as to the parties' intent.  See id. at

**[*10]** 789 n.14 (citing 1 Restatement, Contracts 2d, sec. 155, comment c). If an ambiguity exists in Form 872, the Court may consider extrinsic evidence to clarify the ambiguity and to determine the parties' intent. See id. at 780.

Form 872, the agreement to extend the period of limitation between the Commissioner and a taxpayer, is not a contract but a unilateral waiver of a defense by the taxpayer. Piarulle v. Commissioner, 80 T.C. 1035, 1042 (1983). Contract principles are significant, however, because section 6501(c)(4) requires the consent to be a written agreement between the parties. Id. It is the objective manifestation of mutual assent, as made evident by the parties' conduct, that determines whether they have made an agreement. Kronish v. Commissioner, 90 T.C. 684, 693 (1988).

In making the argument for reformation, respondent points to Buchine as a case nearly identical to the ones at bar. In Buchine, the IRS had entered the tax year "1984" on Form 872-A, Special Consent to Extend the Time to Assess Tax, instead of "1981", the year being examined. Mark Buchine, who held a bachelor's degree in accounting, testified that he signed Form 872 with the intent that it was for 1984. The Court was more persuaded, however, by objective evidence as to the taxpayers' intent, including: (1) Buchine's knowledge of many aspects of income tax law and procedure in general; (2) Buchine's sufficient knowledge of

[*11] tax procedure that he should have been aware that requests to extend usually occur near the end of the three-year period for assessment; (3) the taxpayers' having not yet filed their Federal income tax return for 1984, the taxable period shown on Form 872-A, thus the period of limitation for that year could not be in effect; (4) Buchine's having admitted that he read a cover letter that showed the correct year of 1981, which had accompanied the Form 872-A; and (5) testimony and records indicating that Buchine made a call to an IRS agent by dialing the telephone number on the cover letter and that he specifically identified taxable year 1981. On the basis of the objective intent of the taxpayers, the Court reformed the Form 872-A to extend the period of assessment for 1981, the year on which the parties clearly intended to agree. Buchine v. Commissioner, 63 T.C.M. (CCH) at 1839-1842.

The cases at bar appear to share the first three factors in Buchine. Bastian, as a tax lawyer and a C.P.A., is presumed to be knowledgeable about Federal income tax law and procedure in general. Likewise, with his education and experience--and in the context of the communications between the parties--Bastian would, or should, have known that the years sought to be extended would be the ones nearing the expiration of their period of limitation. Lastly, the parties did not intend to extend the period of limitation for petitioners' tax years ending in 2012.

[*12] Not only were the 2012 tax years still open at the time the initial Forms 872 were signed in 2011, but the forms referred to tax years with ending dates that did not match petitioners'. See Atkinson v. Commissioner, T.C. Memo. 1990-37, 58 T.C.M. (CCH) 1257, 1260 (1990) (stating under similar circumstances that where "the period for assessment of tax had not begun, it makes no sense that the parties would seek to extend it").

Petitioners argue that there was no mutual mistake and thus imply that their intent was to agree to extend the period of limitation for the 2012 tax years. But petitioners presented no case at trial, and there is nothing in the record indicating that petitioners' objective intent, contrary to common sense, was to agree to the 2012 tax years. Any unknown or clandestine intent they may have had for agreeing to the 2012 tax years is irrelevant. See Kronish v. Commissioner, 90 T.C. at 693 (observing that it is not the parties' secret intentions but their overt acts that objectively determine whether the parties have made an agreement). The record clearly and convincingly reflects the parties' overt actions: They signed Forms 872, which have the express purpose of extending periods of limitation that are running. We conclude that the executed forms contained a mutual mistake.

As the parties made a mutual mistake, reformation is available as a remedy. The only question left is whether petitioners' true intent has been identified in

**[\*13]** these proceedings so that we may properly reform the agreement; in other words, have these proceedings shown what tax years petitioners actually meant to agree to, if not 2012? See generally Woods v. Commissioner, 92 T.C. at 789 n.15 ("Again, we emphasize that we are not changing the actual agreement; we are merely conforming the written document to the actual agreement in circumstances where the writing contains a scrivener's mistake.").

Respondent alleges that both sides knew the years that were under audit, the years for which the period of limitation was close to expiring, and, ultimately, that the disputed years were intended to be the subject years of the initial Forms 872. As proof, respondent refers to petitioners' February 27, 2012, letter wherein they still dispute adjustments for Integra's 2008 tax year even though its period of limitation would have expired on February 17, 2012, without some valid statutory extension. (Integra's 2008 tax return was due by February 17, 2009, because February 15, 2009, was a Sunday, and February 16, 2009, was a legal holiday. See secs. 6501(b)(1), 7503.) Respondent contends that their continued actions regarding Integra's 2008 tax year show that petitioners believed the period of limitation to still be open for the disputed years and, therefore, that petitioners' original intent was to agree to extensions for those years.

**[*14]** Respondent's contention is a reasonable inference from the stipulated facts. The only rational interpretation is that the initial Forms 872 were implemented and signed by the parties to cover the years for which assessment was about to be barred without some form of extension. Petitioners' conduct following execution of the forms was consistent with this intent. Not only did petitioners act as if the period of limitation for Integra's 2008 tax year had been extended, but they also had negotiated for months and months with the IRS regarding the disputed years and, through their counsel, knew that the disputed years would be the only logical years for extensions at the time respondent made the requests. We conclude that the parties' intent was to extend the period of limitation for the disputed years.

Accordingly, we hold that respondent has established by clear and convincing evidence that petitioners intended to extend the period of limitation for the disputed years and that the initial Forms 872 may be reformed to conform with the intent of the parties. As a result, respondent's notices of deficiency are not barred as untimely under the period of limitation.

Section 6662 Accuracy-Related Penalty

Respondent determined section 6662(a) penalties for the Kunkels' 2008, 2009, and 2010 tax years. Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax attributable

[*15] to a taxpayer's negligence or disregard of rules or regulations, or a substantial understatement of income tax. An understatement of income tax is substantial if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A).

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). As the Kunkels will be held liable for their deficiencies because they have conceded issues other than the period of limitation for the disputed years, respondent has satisfied the burden of production by showing that there is a substantial understatement for each tax year because the amount of the understatement exceeds 10% of the tax required to be shown on the return, and, alternatively, is greater than $5,000, as shown below:

| Year | Understatement | 10% of Tax required |
|------|----------------|---------------------|
| 2008 | $135,503 | $26,780 |
| 2009 | 128,664 | 21,338 |
| 2010 | 116,360 | 30,338 |

Once the Commissioner has met the burden of production, the taxpayer must come forward with persuasive evidence that the penalty is inappropriate--for

**[\*16]** example, by showing that he or she acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448-449.  As the Kunkels did not present any evidence of reasonable cause, good faith, or some other reason the penalties would be inappropriate, they are liable for the section 6662(a) penalty for each year.

We have considered the other arguments of the parties, but they are irrelevant, unsupported by the record or by authority, or without merit.

To reflect the foregoing,

Decisions will be entered

for respondent.