T.C. Memo. 2015-37

UNITED STATES TAX COURT

HARTLAND MANAGEMENT SERVICES, INC., ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket Nos. 3275-13, 3279-13,        Filed March 9, 2015.
3610-13.

Reggie L. Wegner, for petitioners.

George W. Bezold, for respondent.

_____

[1]Cases of the following petitioners are consolidated herewith: Craig J.
Kunkel and Kim M. Kunkel, docket No. 3279-13; and Integra Engineering, LTD,
docket No. 3610-13.

[*]This opinion supplements our previously filed opinion in Hartland Mgmt.
Servs., Inc. v. Commissioner, T.C. Memo. 2015-8. All Rule references are to the
Tax Court Rules of Practice and Procedure.

[*2]                SUPPLEMENTAL MEMORANDUM OPINION


COHEN, Judge:  Our Memorandum Opinion, T.C. Memo. 2015-8, was filed January 12, 2015.  On January 22, 2015, the parties filed a joint motion for reconsideration of findings or opinion pursuant to Rule 161, in which they reveal for the first time in the record that (1) the deficiencies, penalties, and interest for the taxable years ended May 31, 2010, and May 31, 2011, for Hartland Management Services, Inc., for the years 2009 and 2010 for Craig J. Kunkel and Kim M. Kunkel, and for the taxable years ended November 30, 2009, and November 30, 2010, for Integra Engineering, LTD, were assessed by the Internal Revenue Service and paid by petitioners, the latter having filed suits, still pending, with respect to those years in the U.S. District Court for the Eastern District of Wisconsin; and (2) after submitting this matter to this Court with respect to the period of limitations issue for earlier years, the parties reached an agreement that would result in a calculation of deficiencies different from those in the statutory notice for the earlier year for each petitioner.

We concluded in our Memorandum Opinion that petitioners had conceded certain issues by failing to raise them.  However, it now appears that the issues other than the period of limitations were not before the Court and that sustaining

[*3] the determinations in the statutory notice is contrary to the previously undisclosed agreement of the parties.  Thus, all references to Hartland Management Services, Inc.'s 2010 and 2011 taxable years, Craig J. Kunkel and Kim M. Kunkel's 2009 and 2010 tax years, and Integra Engineering, LTD's 2009 and 2010 taxable years and their related deficiencies and penalties should be disregarded, and the decisions for the remaining years should be consistent with the agreement of the parties rather than decisions for respondent consistent with the statutory notices.

To reflect the foregoing,

<u>Appropriate decisions will be entered</u>.